Fordice and Another *v.* Hardesty and Another.

---

FORDICE and Another *v.* HARDESTY and Another.

VENDOR'S LIEN.—*Purchase-Money.*—*Subrogation.*—*Defeasance.*—A. and B. were the owners, as tenants in common, of real estate, for which B. had paid all the purchase-money; A. and B. united in a conveyance of said real estate by warranty deed, to a purchaser, C., who executed to each owner notes for one-half the price; B., at the time of the execution of said deed to C., notified C. that he had paid all the purchase-money for said real estate, and held a lien for the payment of one-half thereof on the half conveyed by said deed by A. to C., and would hold C. liable therefor; C., on the same day the deed and notes were executed, assigned the notes to D., and on the following day B. commenced suit against A. and C. and afterwards obtained judgment against A. for one-half the price of the land, and a decree as to A. and C., enforcing the lien of B. on the land; C. afterwards paid the judgment.

*Held,* that said facts were not sufficient to bar an action by D. against C. on the notes made by him to A. and assigned to D.

*Held,* also, that though B. might be subrogated to the rights of the vendor of himself and A. as to the undivided half held by A., yet, as against his unconditional deed, in fee simple, of warranty, he could not reserve such lien.

*Held,* also, that though B. and A. were also partners, and the real estate was owned by them as such, and B. would hold a lien thereon (as against A.) for the ultimate balance due him on a settlement of the partnership accounts, yet he could not set up such lien in opposition to said deed.

COMMENCEMENT OF ACTION.—*Summons.*—*Sheriff.*—The issuing of summons

is the commencement of an action, and a summons is not issued until it comes to the hands of the sheriff.

PROMISSORY NOTE.—*Assignee.*— *Judgment.*—*Parties.*—*Notice.*—In an action by the assignee of notes given for purchase-money of real estate, against the maker, there cannot be given in evidence a judgment enforcing the lien of a former vendor, in a suit, commenced after the assignment of the notes, against the maker and his immediate vendor, to which the assignee was not a party.

APPEAL from the Parke Circuit Court.

DOWNEY, C. J.—On the 20th of July, 1868, the ·appellants commenced a suit against the appellees, on a promissory note dated August 15th, 1867, executed by Hardesty, with his co-defendant, Hendrix, as his security, to one Hamilton, and by him indorsed to the plaintiffs on the day of its date. And on the 24th day of June, 1869, they commenced another action against the appellees, on another note of the same date, executed to Hamilton, and indorsed on the same day.

These actions were, by agreement of the parties, and the order of the court, consolidated, and together constituted the case which is now to be considered.

Hamilton and one Toney had purchased certain real estate, which was conveyed to them as tenants in common, but for which Toney alleged that he had paid the whole price, and claiming that he and Hamilton had been partners in the purchase of the lands, and also that he had been, or should be subrogated to the rights of the vendor, he claimed to have a lien on Hamilton's half of the land for his half of the purchase-money. While the affair was in this position, on the 15th day of August, 1867, each sold his undivided half of the land to Hardesty, and united in conveying the said land to him by a general warranty deed, Hardesty, with Hendrix as his security, executing to each of them notes for his share of the ·purchase-money; and among those executed to Hamilton are the notes mentioned in the complaint in this case. It is alleged by Toney, that at·the time of the execution of the deed from him and Hamilton to Hardesty, he gave notice to Hardesty that he had paid all the purchase-money for the land; that he held a lien on the

half thereof conveyed by Hamilton for the amount due him, and would hold Hardesty liable for it.

On the 15th day of August, 1867, Toney filed a complaint in the Parke Circuit Court against Hamilton and Hardesty, alleging his claim to a lien on the land, and seeking to have the same declared and enforced, on which process was issued, and was served on the 16th of the same month, the same day on which it came to the hands of the sheriff. The appellants were made parties to this suit during its progress, but after the filing of their answer, the suit as to them was dismissed. Hardesty made default.

There was final judgment in this case against Hamilton for the one-half of the price of the land, and the lien of Toney therefor was declared against the land, and its sale ordered. Hardesty paid off this judgment by giving to Toney his own notes for the amount, payable in a bank, and therefore governed by the law merchant; and he now alleges that the foregoing facts constituted a valid lien and incumbrance on the land at the time he purchased the same; that such lien was a breach of the covenants in the deed; and that his payment of the amount found to be due by the judgment in favor of Toney furnishes him a good defense against this action.

The circuit court sustained this view of the case, both in its rulings on the pleadings, and in its charges to the jury; sustained the finding of the jury for the defendants against a motion for a new trial, and rendered final judgment for the defendants.

We think the views of the court with reference to the questions arising in the case cannot be sustained.

Conceding that Toney and Hamilton were partners, and that they owned the land as such, in which case Toney would have a lien on the land for the ultimate balance due him on a settlement of the partnership accounts; or conceding that by subrogation to the rights of the vendor, he had a vendor's lien; yet neither of these rights could be set up in opposition to the general warranty deed executed

by him and Hamilton to Hardesty for the land. That deed not only professed to, but did actually convey all the interest, both legal and equitable, of Toney, as well as of Hamilton, in the land. The fact, which is alleged, that Toney, at the time of executing the deed, gave notice to Hardesty that he would hold a lien on the land, and a claim against him for one-half of the price of the land, amounted to nothing. A party cannot thus reserve an interest in or claim to land in opposition to, and in contradiction of, an unconditional deed in fee simple. *Turner* v. *Cool,* 23 Ind. 56; *Chapman* v. *Long,* 10 Ind. 465.

If it be claimed that Toney's claim is saved by his having commenced a suit against Hamilton and Hardesty, on the day the deed was executed and the notes given and indorsed, it is a sufficient answer to that position to say that the suit was not commenced until the next day, the 16th of August, on which day the summons came to the hands of the sheriff. The issuing of the summons was the commencement of the action, and the summons is issued, not when it is filled up and signed by the clerk, but when it is delivered to the sheriff. 2 G. & H. 59, sec 34; *Hancock* v. *Ritchie,* 11 Ind. 48; *Evans* v. *Galloway,* 20 Ind. 479.

The court permitted the judgment in the case of Toney against Hamilton and Hardesty to be given in evidence in this case, over the objection of the plaintiffs, and instructed the jury that it was as conclusive against the plaintiffs as against Hamilton. This was erroneous. Hamilton had indorsed away to the plaintiffs the note sued upon, before the suit of Toney was commenced, as we have seen. The plaintiffs were not parties to that suit, and to make the judgment in that case evidence, and conclusive evidence against the plaintiffs, is to violate one of the fundamental rules of the law of evidence. 1 Greenleaf's Ev., sec. 522.

We do not deem it necessary to examine the other errors alleged in the case.

The judgment is reversed, and the proceedings, back to and including the answer, are set aside, with leave to the

parties to replead, *if they desire to do so.* Costs to the appellants.

*Allan & Mack, D. H. Maxwell, S. F. Maxwell,* and *Porter, Harrison & Fishback,* for appellants.

*D. E. Williamson* and *A. Daggy,* for appellees.