Wood *et al. v.* Bissell.

Filed Nov. 6, 1886.

---

No. 12,838.

## WOOD ET AL. *v.* BISSELL.

ACTION.—*Commencement of.—Notice by Publication.—Statute Construed.—Statute of Limitations.*—Under section 314, R. S. 1881, an action is not commenced as to a defendant against whom publication is made, until the time of the first publication.

STATUTE OF LIMITATIONS.—*Contract Made in this State.—Non-Residence of Defendant.—Statute Construed.*—Under section 297, R. S. 1881, if the contract out of which a cause of action arises is made in this State, but the defendant is all the time a non-resident, the statute of limitations does not run.

From the Marion Superior Court.

*B. F. Davis,* for appellants.

*D. M. Bradbury,* for appellee.

ZOLLARS, J.—Appellants brought this action against appellee upon an account, which accrued and became due on the 27th day of October, 1875.    The complaint was filed on the 26th day of November, 1880.    On that day a summons was issued to the sheriff, which, as stated in the record, was returned in due time, with an endorsement that appellee was not found.    Nothing further was done in the case, in the way of getting service upon appellee, until the 28th day of June, 1882.    On that day, upon an affidavit of the non-residence of appellee, publication of notice was ordered.    On the 21st day

of September, 1883, appellants made proof of publication, by which it was made to appear that the notice was first published on the 23d day of November, 1882. No question being made here as to the regularity of the notice, we decide nothing upon that question. The one question discussed by counsel is, when was the action commenced?

It is assumed on one side, and not much contested on the other, that if it was commenced after the expiration of six years from the time when the account accrued and became due, it can not be maintained, under our statute of limitations. R. S. 1881, section 292.

Appellee, relying upon that statute, pleaded the above stated facts, adding the averments, that the contract for the work, etc., out of which the account arose, was made in this State with an agent of appellee, and that from that time to this, he has been a non-resident of the State.

The code, section 314, R. S. 1881, is as follows: "A civil action shall be commenced, by filing in the office of the clerk a complaint, and causing a summons to issue thereon; and the action shall be deemed to be commenced from the time of issuing the summons; but as to those against whom publication is made, from the time of the first publication," etc.

There seems to be but one way to interpret this statute. It is plain and explicit, that as to those against whom publication is made, the action is commenced by the filing of the complaint, and the publication of the notice, and shall be deemed to be commenced from the time of the first publication.

Appellee was brought into court, if at all, by the publication of the notice, and that notice was first published more than seven years subsequent to the time when the account became due. The filing of the complaint, and the issuing of the summons to the sheriff, as heretofore ruled by this court, is the commencement of the action, as to those upon whom the summons is served, but not as to those who never are served, and as against whom publication is made.

We must hold here, therefore, that the action against appellee was not commenced until the first publication of the notice, which, as we have seen, was more than seven years after the account became due.

The court below held the answer good, and overruled appellants' demurrer thereto.

If the case, as made by the pleadings, is one to which the above statute of limitations is applicable, that ruliug was correct. If not, the ruling was wrong, and the judgment must be reversed.

The attention of the court below, doubtless, was not called to another section of the statute of limitations, which we think is clearly applicable and controlling. Counsel have not relied upon that section, and if we should apply the general rule, and notice no point not discussed by counsel, an affirmation of the judgment might result. In this case, however, we could not apply that rule without putting the court into a false position, and, by holding a bad answer good, mislead the profession.

As we have seen, the answer shows that the contract, out of which the account arose, was made in this State, and that from that time to this appellee has been a non-resident of the State.

The statute of limitations, section 297, R. S. 1881, is as follows: "The time during which the defendant is a non-resident of the State * * * shall not be computed in any of the periods of limitation; but when a cause has been fully barred by the laws of the place where the defendant resided, such bar shall be the same defence here as though it had arisen in this State: *Provided,* That the provisions of this section shall be construed to apply only to causes of action arising without this State."

In the recent case of *Mechanics Building Ass'n* v. *Whitacre,* 92 Ind. 547, the above statute was interpreted, and it was held that, under it, the time during which the debtor,

upon a contract made in this State, was a non-resident of the State, is not to be computed in the period of limitation.

In this case, as shown by the answer, the statute of limitations has not begun to run, and has not run against the claim in suit, because, as heretofore stated, appellee has all the time been a non-resident of the State.

It results that the court below erred in overruling appellants' demurrer to appellee's answer. For that reason the judgment is reversed, at appellee's costs, and the cause is remanded, with instructions to the court below to sustain the demurrer to the answer.

Filed Nov. 16, 1886.