Filed April 14, 1892.

---

No. 188.

## BUDD v. RUTHERFORD.

INFANT.—*Married Woman as Next Friend for.*—*Liability for Costs.*—Under the recent statutes of this State, enlarging the civil rights of married women, a married woman may act in the capacity of next friend for a minor. The liability of a next friend for costs is imposed by statute, and is a direct primary liability, not in the nature of a suretyship, and a judgment may be rendered against a married woman upon such liability.

Budd *v.* Rutherford.

SAME.—*Written Consent of Next Friend.* — *Filing of.*—While section 256, R. S. 1881, seems to imperatively require the filing of the written consent of the next friend to act in such capacity before process shall issue, the provision is merely directory, and process may issue and the cause proceed without such consent, until it is required by the defendant.

SAME.—*Insolvency of Next Friend.*—*Removal of.*—*Discretionary With Court.*— It is discretionary with the court to remove a next friend on the ground of financial irresponsibility, and error can not be successfully predicated on the court's refusal to make a removal for that cause.

CONTRACT.—*Illegal Consideration.* — *Compromise of Criminal Prosecution.*— Where the compromise and settlement of a criminal prosecution entered into the consideration for which a sum of money was deposited with a third party to be paid to the plaintiff, the consideration was tainted with illegality to such an extent as to render the agreement void and prevent a recovery of the money on the part of the plaintiff.

From the Floyd Circuit Court.

*G. A. Bicknell, C. D. Kelso* and *J. V. Kelso,* for appellant.
*C. L. Jewett* and *H. E. Jewett,* for appellee.

CRUMPACKER, J.—Lottie Rutherford, a minor, by Mary Ann Shurratt, her next friend, sued John H. Stotsenburg upon the common count for money had and received. The defendant filed a bill of interpleader, in which he admitted that he had in his possession and custody the money claimed by plaintiff in her complaint, and that he was ready to pay it to whom it was due, but that one Smith Budd claimed the money, and had forbidden defendant to pay it to plaintiff; that he was ready and willing to pay such money to the clerk of the court, to be disposed of according to the rights of the parties. Whereupon Budd was made a party defendant, and Stotsenburg paid the money to the clerk upon the order of the court, and the cause was discontinued as to him. Before answering, Budd filed a motion to remove the next friend of the plaintiff, on the ground that she was incompetent and irresponsible. The evidence in support of the motion was uncontradicted, and showed beyond question that the next friend was a married woman, and was financially irresponsible. The motion was overruled, however, and the defendant excepted.

An answer containing five paragraphs was filed, the fifth of which alleged, in substance, that Lottie Rutherford, the plaintiff, caused bastardy proceedings to be instituted against Smith R. Budd, the defendant's son, and while such proceedings were pending, the grand jury indicted the defendant therein for the criminal seduction of said Lottie Rutherford; that afterwards, while said cases were pending for trial, the parties settled them upon the following terms; this defendant, for his son, paid the plaintiff $300, in full settlement of the bastardy case, and an entry of provision for support was made therein, and the cause was dismissed; that he paid to said Stotsenburg the further sum of $200, which was to be paid to the plaintiff upon the settlement of the criminal case; that the prosecuting attorney refused to settle or dismiss said criminal case, but prosecuted it to final judgment, convicting the defendant's said son of said charge, and he was compelled to and did suffer the penalty inflicted upon him by the judgment of said court; that the sum of money so paid Stotsenburg is the identical money sued for in this action.

A reply was filed, and the trial resulted in a verdict and judgment in favor of the plaintiff for $200. From such judgment the defendant appeals, and assigns for error the action of the court in refusing to remove the next friend, and in overruling the motion for a new trial.

It is insisted by counsel for appellant that the appellee's next friend was a married woman, and, therefore, incompetent; that she was financially irresponsible, and it was the imperative duty of the court to remove her upon proof of such facts.

The fact that she was a married woman did not render her incompetent. A next friend is an agent of the court, to aid in the administration of the law, and under recent statutes enlarging the civil rights and promoting the independence of married women, there seems to be no good reason why they may not be permitted to act in the capacity of next friend, even if they were disqualified at common law. The

Budd *v.* Rutherford.

liability of a next friend, for costs, is imposed by the statute, and is a direct primary liability, not in the nature of a suretyship. A judgment may be rendered against a married woman upon such liability, and she will be concluded by it, so there is no sufficient reason for holding the next friend in this case incompetent.

Section 256, R. S. 1881, provides that before any process shall issue in the name of an infant, who is sole plaintiff, a competent and responsible person shall consent in writing to appear as next friend for such infant, and shall be liable for costs; and where it is made to appear that the next friend is incompetent or irresponsible, the court *may* remove him, and permit some suitable person to be substituted in his stead.

Section 257 provides that the trial court may, in its discretion, require the next friend of an infant in an action for the recovery of money, to execute a written undertaking with sufficient sureties, to duly account to the infant for all monies recovered in such action.

Section 2520 provides that courts shall have the power "to permit *any* person, as next friend, to prosecute *any* suit in *any* minor's behalf."

While section 256, *supra,* *seems* to imperatively require the filing of the written consent of the next friend before process shall issue, the Supreme Court has declared the provision directory only, in respect to the time when such consent shall be filed and that process may issue and the cause proceed without such consent, until it is required by the defendant. *Greenman* v. *Cohee,* 61 Ind. 201.

It is also settled that an infant may, upon proper showing, be permitted to sue as a poor person under section 260, R. S. 1881, without a next friend. *Wright* v. *McLarinan,* 92 Ind. 103; *Hood* v. *Pearson,* 67 Ind. 368.

It is quite well settled, however, that a sole infant plaintiff must either sue by next friend or as a poor person under a special order of the court. *Spencer* v. *Robbins,* 106 Ind. 580.

Section 2520, *supra*, gives the court the *power* to permit any person without regard to the question of solvency or responsibility, to prosecute any action on behalf of an infant. Section 256 gives the court the *power* to remove the next friend if he is shown to be incompetent or irresponsible.

The language of the latter section upon the subject of the removal of the next friend is permissive and not mandatory. It provides that the court *may* remove upon proof of incompetency or irresponsibility.

The permissive form of legislative expression is often construed as mandatory and "may" given the force and meaning of "shall." But this is done only to satisfy the imperative requirements of the purpose and intent of the law. It was said by Story, J., for the court in *Minor* v. *Mechanics' Bank*, 1 Pet. 46 : "The ordinary meaning of the language must be presumed to be intended unless it would manifestly defeat the object of the provision."

Other provisions of the section under consideration contain mandatory statements, and where such is the case and the words "shall" and "may" are used in different connections, it very strongly indicates that the terms were so used, deliberately and with a due sense of discrimination, ascribing to each its literal signification. Statutory provisions upon the same subject should be construed with reference to each other, and as parts of the general system of jurisprudence, with a view of promoting harmony and symmetry in such system. The trend or policy of the law in its attitude towards a subject upon which legislation is had, often furnishes material aid in discovering the true purpose and intent of such legislation.

Where a public duty is imposed by a statute or some claim *de jure* of a third person may be affected, the permissive form of expression will be held to be mandatory. *Bansemer* v. *Mace*, 18 Ind. 27 ; *Wheeler* v. *City of Chicago*, 24 Ill. 105 ; Sedgwick Stat. Const., p. 375.

But such construction will never be adopted for the pur-

pose of *creating* a right. Sutherland Stat. Const., section 462.

A defendant has no right to exact security for costs from an infant plaintiff, unless it be conferred by the statute under consideration. At common law, a next friend is appointed by the court to represent an infant plaintiff, and such infant can not be required to furnish security for costs even when the next friend, who is solely liable therefor, is utterly insolvent. Tidd Practice, p. 100.

Adult resident plaintiffs are not required by the laws of this State to give security for costs, yet if appellant's contention be correct, infant plaintiffs are compelled to do so.

The law is especially jealous of the rights of infants, and undertakes to afford them every opportunity to secure their rights without unjust or oppressive limitations. We do not believe it was the intention of the Legislature to deprive infant litigants of any beneficial privilege that is enjoyed by adults. There is no more reason for imposing onerous conditions upon infants, who seek to establish rights in the courts, than upon adults. Construing the several statutes upon the subject together, we declare it to be discretionary with the trial court to remove a next friend on the ground of financial irresponsibility. The provision requiring a competent and responsible person to be next friend is designed chiefly for the benefit and protection of the infant, and the liability for costs imposed by the statute and the power of removal vested in the court are calculated to deter reckless and improvident litigation. All the law undertakes to assure the defendant in such cases is that he shall have an adversary who will be concluded by the judgment and one against whom a judgment for costs may be rendered. This is all he could require in a contest at law with an adult, and the law surely does not place one of its own wards in a less advantageous attitude than one who is not under its watch, care and guardianship.

There was no error in refusing to remove the next friend.

The only other question discussed by counsel relates to the sufficiency of the evidence to support the verdict. It was admitted that the appellee had a bastardy case pending against appellant's son, and at the same time there was a prosecution pending against him in the name of the State for the criminal seduction of appellee under promise of marriage. The bastardy case was settled, and appellee acknowledged in open court that due provision had been made for the support of her child and the cause was dismissed. Appellee gave a receipt, under the advice of her attorney, acknowledging the payment to her of $300 in full settlement of such case. The further sum of $200 was deposited with Mr. Stotsenburg to be paid appellee upon the settlement of the criminal case, and this is the money in controversy. Appellee testified to the giving of the receipt, and that she settled the bastardy case for $500, but that the sum of $200 was not to be paid to her until the criminal case was settled. There was other evidence upon the question, but none to disprove the fact testified to by appellee, that the money left with Mr. Stotsenburg was not to be paid to her until the seduction case was settled. The prosecuting attorney subsequently declined to settle it but prosecuted it to final judgment and secured the conviction of appellant's son.

There is no escape from the conclusion that the compromise and settlement of the criminal prosecution entered into the consideration for which the money in controversy was to be paid appellee, and upon the clearest principles of the law the consideration was tainted with illegality to such an extent as to render the agreement void. The law will not permit its administrative agencies to be used to enforce an agreement vitiated by illegality, but will leave the parties where it finds them. *Hutchins* v. *Welden*, 114 Ind. 80.

The judgment is reversed, with instructions to sustain the motion for a new trial.

Filed April 14, 1892.