The Alexandria Gas Company *v.* Irish, Administator, et al.

[No. 18,641.    Filed May 11, 1899.]

Receivers.—*Appointment.—Notice.—Fraudulent Conveyances.*—The court has no jurisdiction to appoint a receiver in an action to set aside a conveyance as fraudulent, and for the appointment of a receiver, without notice, and before summons is issued on such complaint.

From the Madison Circuit Court.    *Reversed.*

| 152 | 535 |
| 157 | 323 |
| 152 | 535 |
| 161 | 452 |
| f162 | 694 |
| 152 | 535 |
| 171 | 244 |

*M. A. Chipman, E. E. Hendee,* and *S. M. Keltner,* for appellant.

*Bagot, Ellison & Bagot,* for appellees.

MONKS, C. J.—This is an appeal from an interlocutory order appointing a receiver. It appears from the record that appellee on May 17, 1898, filed a complaint in the office of the clerk of the court below to set aside certain transfers of property made by the Alexandria Mining & Exploring Company to appellant, upon the ground that said transfers were fraudulent, and made by said Alexandria Mining & Exploring Company to appellant, with the fraudulent intent and purpose to cheat, hinder, and delay appellees in the collection of certain judgments theretofore recovered by them against the Alexandria Mining & Exploring Company. Said complaint, which was verified, also set forth causes for the appointment of a receiver without notice. The appointment of a receiver was ancillary to the main action. The Alexandria Mining & Exploring Company was in the hands of a receiver, but neither said company nor the receiver was made a party to said complaint. On the same day that the complaint was filed, the court below, upon the verified complaint, and without any notice whatever to appellant, appointed a receiver to take possession of appellant's property. No summons was issued by the clerk of the court below, nor did appellees request the clerk to issue any summons on said complaint, until the 21st day of May, 1898, when a summons was, for the first time, issued against appellant. At the first opportunity, on May 19, 1898, appellant objected to said appointment of said receiver, which objection was overruled by the court.

The question presented is whether the court had jurisdiction to appoint a receiver without notice, before a summons had been issued on said complaint against appellant. It is settled law in this State that in an action like this the court

has jurisdiction to appoint a receiver only after the commencement of an action, and while it is pending. *State* v. *Union Nat. Bank, etc.,* 145 Ind. 537, 545, 549; *Presley* v. *Harrison,* 102 Ind. 14; 20 Am. & Eng. Enc. of Law, 17, 24, 30, 87. The process must be delivered to the officer authorized to serve it before the action is deemed commenced. Section 316 Burns 1894, section 314 Horner 1897; *Coffey* v. *Myers,* 84 Ind. 105, 106, and cases cited; *School Township* v. *Hay,* 74 Ind. 127; *Fordice* v. *Hardesty,* 36 Ind. 23; *Temple* v. *Irvin,* 34 Ind. 412.

The interlocutory order appointing a receiver having been made before the action was commenced, the court had no jurisdiction. Said interlocutory order therefore must be, and is, reversed.