# KNUE, ET AL. *v.* KNUE

[No. 27,285.   Filed June 28, 1940.]

*John G. McNutt, Harry A. Weaver, Jr.* and *Robert A. Hart,* all of Indianapolis, for appellants.

*Godfrey D. Yeager, John G. Tinder, Walter Todd* and *Charles McCormack,* all of Indianapolis, for appellee.

SHAKE, J.—The parties to this appeal are the members of two separate partnerships doing business under the names of "Knue Building Company" and "Louis H. Knue & Company." On June 27, 1939, the appellee filed complaints in the court below naming the appellants as defendants and asking for a dissolution of said partnerships, an accounting, and that receivers be appointed to take charge of the properties of said partnerships and sell and dispose of the same. It is conceded that no allegations were contained in either

complaint which would justify the appointment of a receiver without notice. Notices were given the appellant Henry B. Knue that applications for the appointment of receivers in said causes would be heard on June 30th, and on June 27th summonses over the signature of the clerk were issued to the appellant Wilhelmena Knue Hughes, directed to the Superintendent of Police, Washington, D. C., and returnable September 7, 1939. Said summonses to Wilhelmena Knue Hughes were served upon her by reading on June 28th, according to the affidavit of a Deputy United States Marshal for the District of Columbia. The appellant Henry B. Knue appeared, the causes were consolidated, and on October 5th the court below entered an interlocutory order appointing receivers for the properties of both partnerships. On October 13th Wilhelmena Knue Hughes filed her verified motion to set aside the order appointing receivers, assigning that no action was pending against her at the time the appointments were made, and that she had not had any legal notice of the hearing on the applications for the appointment of receivers. This motion was overruled, and the appellants have both appealed, assigning separate errors.

Ordinarily, an action is deemed to have been commenced when a complaint has been filed and a summons issued for the defendant by the clerk and placed in the hands of the sheriff for service. Section 2-802, Burns' 1933, § 83, Baldwin's 1934; § 875, I Watsons' Works Practice. A summons intended to be served without the state, as a substitute for notice by publication, and not delivered to the sheriff is not such a summons as will consummate the commencement of an action, within the contemplation of the above statute. If notice of the action is given by

publication, the action is deemed to be commenced when the first publication is made. *Wood* v. *Bissell* (1886), 108 Ind. 229, 9 N. E. 425; *Schaffner* v. *Voss* (1910), 46 Ind. App. 551, 93 N. E. 235. As notice by publication is authorized only by statute, an affidavit must be filed showing one of the causes specified in the statute when such service is relied upon. Section 2-807, Burns' 1933, (Supp.), § 88-1, Baldwin's Supp. 1936; *Pitts* v. *Jackson* (1893), 135 Ind. 211, 35 N. E. 10. If personal service out of the state is resorted to as a substitute for publication, one of the statutory causes for service by publication must likewise be made to appear by affidavit. The *Eel River Railroad Co.* v. *State ex rel. Kistler* (1896), 143 Ind. 231, 42 N. E. 617. No such affidavits were filed.

An order of the court is also necessary to authorize notice by publication when the court is in session. Section 2-807, Burns' 1933 (Supp.), § 88-1, Baldwin's Supp. 1936. The record discloses, and we judicially know, that on June 27, 1939, the Marion Superior Court was in its June Term and not in vacation. *State ex rel.* v. *Superior Court of Marion County* (1931), 202 Ind. 456, 174 N. E. 732. The record does not disclose any such order. It therefore follows that no action was pending against the appellant Wilhelmena Knue Hughes when the order was entered appointing receivers in said causes, and that there was no authority for the service of summons upon her without the State of Indiana.

Appellee is in error in assuming that the verified motion of the appellant Wilhelmena Knue Hughes to set aside the order appointing receivers, on the grounds that no action was pending against her and that she had no proper notice of the hearing on the applications for the appointment of such receiv-

ers, constituted a collateral attack on the orders. The attack was direct, made in the identical proceedings in which the orders were entered. *Harman* v. *Moore* (1887), 112 Ind. 221, 13 N. E. 718.

An interlocutory order appointing a receiver for property operates in rem. It is not contended that the appellant Wilhelmena Knue Hughes was not a necessary party, and since no action was pending against her when the order was made, reversible error committed against her must necessarily result in a reversal as to both appellants.

The judgment is reversed, with directions to set aside the order appointing receivers.

NOTE.—Reported in 28 N. E. (2d) 76.