IN RE LAMBERT'S ESTATE

UHLIR ET AL. v. LAMBERT

[No. 17,398. Filed October 9, 1945. Rehearing Denied November 5, 1945. Transfer Denied December 10, 1945.]

294

*McClure & Shenk* and *Geo. C. Uhlir*, all of Kokomo, for appellants.

*Marshall, Hillis & Coffel and James L. Overson,* all of Kokomo, for appellee.

CRUMPACKER, P. J.—George D. Lambert died intestate on December 25, 1943, leaving Georgia Louise Lambert, a minor, as the sole and only heir of his body and for whose person and estate George C. Uhlir is the duly

appointed guardian, in which capacity the said Uhlir is one of the appellants herein. For some years prior to his death' the said George D. Lambert had been engaged in the restaurant business in the city of Kokomo, Indiana, and when he died letters of administration upon his estate were issued by the Howard Circuit Court to his brother, Pete Lambert, who served as administrator thereof until May 12, 1944, when he was succeeded by George C. Uhlir who, in such capacity, is the other appellant herein. On February 21, 1944, the appellee Louise Lambert filed a verified petition in the matter of the estate of George D. Lambert, deceased, asking the court to declare her to have been the common-law wife of said decedent at the time of his death and entitled to share in his estate as his widow in such manner as is provided by the laws of descent of the State of Indiana. This petition named no parties adversary and no summons or notice of any kind was issued to either of the appellants. It came to a hearing before the court on November 2, 1944, and was met and contested by the appellant George C. Uhlir, administrator, without the formality of answer or other pleading and, on the 23rd day of January, 1945, the court entered the following finding and judgment: "Finding that Louise Lambert was the common-law wife of George Lambert at the time of his death, and is therefore entitled to the widow's $500.00 allowance, and also to share in the distribution of his estate. Judgment on finding." On February 2, 1945, George C. Uhlir, as administrator of the George D. Lambert estate filed a motion for a new trial and while such motion was pending he filed a petition in behalf of his ward, Georgia Louise Lambert, to intervene in the proceedings so that he, as such guardian, could take such legal steps as

might be necessary to protect his ward's interests in her father's estate.

On the 24th day of March, 1945, the court overruled the administrator's motion for a new trial and on the same day denied the guardian's petition to intervene. An appeal was prayed and granted in each instance, that is to say, to George C. Uhlir, administrator, from the judgment declaring the appellee to be the widow of the decedent and entitled to share in his estate and to George C. Uhlir, guardian, from the court's decision denying him the right to intervene.

To reverse the trial court the appellant George C. Uhlir, administrator, relies solely on alleged error in overruling his motion for a new trial while the appellant George C. Uhlir, guardian, relies solely upon alleged error in denying him the right to intervene as a party having a clear interest in the subject matter of the controversy.

It cannot seriously be questioned, we think, that had the appellant George C. Uhlir, guardian of Georgia Louise Lambert, filed a timely application for permission to appear and contest the appellee's petition the court would have erred in refusing such relief. The portion of her father's estate said minor would inherit depended upon the court's finding and judgment upon the appellee's petition to be declared the widow of George D. Lambert, and surely it would have been an abuse of discretion on the part of the court to deny the daughter, through her guardian, the right to appear and protect her interests. If intervention in an action is to be had, however, it must be had during the pendency thereof and before the issues between the original parties have been determined and final judgment entered thereon. In *Abeele* v. *Ruse*

(1942), 112 Ind. App. 596, 44 N. E. (2d) 235, we find an exhaustive discussion of the law of intervention wherein the court quotes with approval the following excerpt from *In Re Belleville Bank & Trust Co.* (1939), 302 Ill. App. 359, 363, 23 N. E. (2d) 810:

" 'The right to intervene in a proceeding is not absolute, but the permission of the court must be secured. The party seeking to intervene must have a clear interest in the subject matter involved, and it must appear that a full and complete determination cannot be had in the case without such party being made a party. The intervener takes the suit as he finds it; he is bound by the record of the case at the time of his intervention, and he cannot change the issues between the parties or raise new ones. Intervention, even when permissible, must be had during the pendency of an action before the issues between the original parties have been determined, and a final decree has been entered.' "

In *Forsyth* v. *American Maize Products Co.* (1915), 59 Ind. App. 634, 637, 108 N. E. 622, this court said:

"Where one seeks to intervene, who is not a necessary party under our statute, the trial court may exercise its discretion and unless there is a clear abuse of such discretion no error is committed in denying the right to intervene. An intervener must be diligent and any unreasonable delay after knowledge of the suit will justify the court in refusing to allow him to intervene, where no satisfactory excuse is shown for the delay and the intervener is not a necessary party to a full and complete adjudication of the rights involved in the controversy."

On the face of the record in the present case it is apparent that the appellant George C. Uhlir, guardian, was not diligent in his efforts to be made a party to the appellee's petition. In his capacity as administrator of the George D. Lambert estate

he appeared to such petition and vigorously contested the same. He prepared for a trial in which he examined a number of witnesses and introduced numerous exhibits in his own behalf. The appellee's petition had been on file more than eight months before its issues were tried and, as administrator of the George D. Lambert estate, he was chargeable at all times with knowledge of its contents and purpose. It seems pure sophistry to say that he did not know, in his capacity as guardian, what he knew as administrator, yet he made no effort to intervene in behalf of his ward until after judgment had been rendered on the appellee's petition and he shows no excuse for such delay.

In respect to this question the appellant guardian relies very strongly on the case of *Eddington* v. *Eddington* (1938), 213 Ind. 347, 12 N. E. (2d) 758, wherein one Hattie Eddington filed a verified petition to be adjudged the widow of the deceased. The court so found and so ordered after which a sister of the deceased filed a petition to intervene alleging that she was interested in the subject matter of the litigation and was aggrieved by the court's decision. This petition was granted and the sister was permitted to intervene whereupon she filed a petition to set aside the order wherein Hattie Eddington was found and adjudged to be the widow of the deceased on the grounds that at the time said Hattie married the deceased he had a lawful wife who was then living and from whom he had not been divorced. From an adverse ruling on this petition she appealed. The question of her right to intervene after the issues between the original parties had been adjudicated was not raised and in its decision the Supreme Court expresses no opinion in reference thereto.

This leaves for consideration alleged error of the

court in overruling the appellant administrator's motion for a new trial. The motion is predicated on three grounds: (1) Georgia Louise Lambert, a legal heir of the deceased George D. Lambert, was not made a party to this proceeding, had no notice thereof and was denied the right and opportunity to protect her interests; (2) the decision of the court is not sustained by sufficient evidence; and (3) the decision of the court is contrary to law. As to the first of the grounds above assigned it seems that there is nothing alleged therein of which the appellant administrator can complain. If it is meant to say thereby that Georgia Louise Lambert was a necessary party to the litigation, we are of the opinion that such question cannot be presented to the trial court for the first time by a motion for a new trial.

We have searched the record and nowhere does it appear that the appellant administrator made any effort at any time prior to judgment to have Georgia Louise Lambert, through her guardian, made a party defendant, nor did he suggest to the court at any time that said Georgia was a necessary party to the litigation until after he had filed his motion for a new trial. We know of no situation in which the failure of the court to join a necessary party can be assigned as reason for a new trial except where the necessity for such action first becomes apparent during the trial and the court refuses to take it after a proper motion.

This brings us to the appellant administrator's second ground for a new trial, to-wit: The decision of the court is not sustained by sufficient evidence. It should be borne in mind that the appellant's petition is not the statement of a claim against

an estate in the ordinary acceptation of the term. It is a proceeding in proof of heirship and her interest in the decedent's estate depends wholly upon her legal relationship to him at the time of his death. When that is established her right to participate in the distribution of the estate to an amount fixed by law is absolute. *Sherwood, Administrator* v. *Thomasson* (1890), 124 Ind. 541, 24 N. E. 334; *Roberts* v. *Huddleston* (1884), 93 Ind. 173; *Taylor* v. *Wright, Administrator* (1884), 93 Ind. 121. By her petition the appellee claims to have been the decedent's common-law wife at the time of his death. That was a matter of proof and the court heard evidence on both sides of the issue. It found that such a marriage existed and such finding is binding on us if there is any substantial evidence to support it.

Evidence favorable to the court's decision indicates that the appellee and the decedent George D. Lambert were duly married in accordance with the statutory law of Indiana in 1925 and lived together as husband and wife until 1939 when they separated, and upon September 22 of that year they were divorced by the Howard Circuit Court. Shortly after such divorce Lambert began calling on his ex-wife at the Hotel Main in Kokomo where she was then employed. He called her over the telephone every day and took her out in the evening several times each week. They talked about "going back together" and "trying it over again" and finally agreed to do so. On the 22nd day of August, 1940, Lambert entered into a written contract for the purchase of a cottage on Shaffer Lake near Monticello, Indiana, in which contract he described himself as a married man. Shortly thereafter he brought the appelleee to the cottage and installed her

there in permanent residence. Lambert still retained his business in Kokomo but he came to the lake twice a week, frequently arriving on Wednesday and staying until Friday morning, during all of which visits his conduct towards the appellee was that of a husband and he held himself out to the neighbors and to the community generally as such. They were regarded by all those who knew them in Monticello and about Shaffer Lake as husband and wife and among their friends and acquaintances thereabout they referred to themselves as such if occasion arose. When the contract for the purchase of the cottage matured Lambert directed that the deed be executed to himself and the appellee as husband and wife. The relationship above described continued uninterrupted until Lambert's death on the 25th day of September, 1943.

An examination of the authorities leads us to the conclusion that an agreement between competent parties *per verba de praesenti* to be husband and wife, followed by consummation and open acknowledgment of the marital relationship in the community in which they lived, constitutes a valid marriage in Indiana. *Norrell* v. *Norrell* (1942), 220 Ind. 398, 44 N. E. (2d) 97; *Young* v. *General Baking Co.* (1938), 104 Ind. App. 658, 12 N. E. (2d) 1016; *Schilling* v. *Parsons, Administrator* (1941), 110 Ind. App. 52, 36 N. E. (2d) 958; *Clayton* v. *Universal Construction Co.* (1942), 110 Ind. App. 322, 38 N. E. (2d) 887. We find substantial evidence in support of all essentials to a common-law marriage as the weight of authority defines it and the court's finding that such is the ultimate fact cannot be disturbed.

As the appellant administrator's charge that the decision of the court is contrary to law is based solely on the contention that there is insufficient evidence to

support it, the question requires no discussion. We find no error and judgment is affirmed.

NOTE.—Reported in 62 N. E. (2d) 871.