STATE EX REL. HURD *v.* DAVIS, JUDGE, DELAWARE CIRCUIT COURT

[No. 28,457. Filed September 30, 1948. Rehearing denied November 9, 1948.]

528

*Warner, Clark & Warner and Bracken, Gray, De-Fur & Voran, Amici Curiae* and *Davis & Davis,* all of Muncie, attorneys for appellant.

*Joseph H. Davis, Judge,* pro se.

GILKISON, J.—In this action relator, a minor, seeks to have the respondent as Judge of the Delaware Circuit Court mandated, first, to order the clerk of his court to give notice by publication to certain named non-resident defendants to relator's amended petition to be adjudged an heir and devisee of one Ball, deceased, whose estate is pending in respondent's court for administration and settlement; second, to order the clerk of his court to issue summons for certain named resident defendants and place the same in the hands of the sheriff for service and return and third, to allow relator and his attorneys to see and inspect all pleadings, orders, entries, docket sheets and minutes in the matter of his petition, all of which respondent has ordered his clerk to impound.

Relator filed his original petition in respondent's court May 7, 1947, and on May 10, 1947, his mother, Virginia Hurd, filed her written consent to serve as next friend for relator in the action.

On May 1, 1948, in term time relator filed his amended petition, making the several persons aforenoted parties thereto; he also filed his affidavit for notice by publication to the non-resident defendants naming them, and praying that they be notified of the pendency of the action by publication. At the same time relator asked that the respondent order the clerk to issue a summons for the resident defendants. The respondent failed to order notice by publication to the non-residents, or to order the issuance of summons for the resident defendants as requested.

The civil procedure act governing the first two propositions so far as applicable to this action is as follows:

"When a complaint is filed either in vacation or during any term of court, the plaintiff *may* fix the day, by endorsement thereof upon the complaint, at the time of filing the same, on which the defendant shall appear, which day, when so fixed, shall be stated in the summons when issued. . . . And if, at any time after the filing of the complaint, it shall be found that any party to the action has not been properly notified, the plaintiff may file with the clerk or indorse on the complaint, in vacation, a written request for such notice to be given, *and while the court is in session by obtaining an order that such notice be given, naming therein the day on which such party is required to appear to the action, and summons shall be issued or publication made accordingly,* in the proper case as above provided;. . . ." (Our italics). Burns' 1947 Supp. § 2-801. Acts 1947 Ch. 94, § 1, p. 278.

The italicized part above was not in the civil code as enacted, at the Special Session, Acts 1881, Ch. 38, p. 240, § 367. It was enacted by an amendment, Acts 1935, Ch. 213, p. 1019, § 1 and reenacted Acts 1947, Ch. 94, *supra. Knue* v. *Knue* (1940), 217 Ind. 319, 321, 322, 28 N. E. 2d 76.

In the usual operation of courts, the practice is quite simple. When new parties defendant are brought into the case in term time as was done by the amended petition filed herein, and the required affidavit of non-residence is filed as to some of them, and the matter is brought to the attention of the court with a request that it order notice by publication to the nonresident defendants, and summons for the resident defendants, the duty of the court as set forth in this statute is ministerial, clear and mandatory, and it has no discretion to exercise. 42 Am. Jur., Process, § 7, p. 9, 10. 50 C. J., Process, § 23, p. 449. The notice and summons must be ordered.

With respect to the third proposition, respondent says that he did order the clerk to impound "all papers belonging to said estate until further order" on May 1, 1948. But he says he did not intend by this order "that such papers were to be kept from the litigants or interested practicing lawyers" and "the clerk understood that litigants and interested practicing lawyers were to have access to said papers at any time upon their request, as is evidenced by the affidavit of the clerk . . ." attached to the response. On this particular subject the affidavit of the clerk, among other things, specifically states as follows:

"That on May 7, 1948, one of the attorneys for the relator made a formal written request for certified copies of certain pleadings filed in probate cause No. 9241, E. Arthur Ball Estate; that affiant did not refuse to prepare such certified copies for said attorney, *but affiant did advise said attorney that, under the present order of the court, and in compliance therewith, it would* be necessary and proper for him to 'clear' his request for *such certified copies with the Hon. Joseph H. Davis;* and further that the Hon. Joseph H. Davis later informed this affiant that no request was made to him by said attorney aforementioned or by any one else for said certified copies." (Our italics). It thus appears that the clerk's affidavit does not support respondent.

The purpose and object of keeping records by a court of record, is "to secure an accurate memorial of all the proceedings in the case so that persons interested may ascertain the exact state thereof." 21 C. J. S. *Courts* § 225, p. 417. Of course, it is a duty of the clerk of a circuit court to "*carefully* preserve in such office all records and writing ap-

pertaining to his official duties"; Burns' 1933, § 49-2706. An attorney at law representing a litigant who is seeking to establish his heirship in a pending estate may not lawfully be required to "clear" his right with the judge of the court, before he may secure certified copies of papers filed in the estate, or examine the papers filed, and records made therein. He too, is an officer of the court acting under a comprehensive and binding oath and is entitled to be respected and trusted as such. He should not be needlessly hampered or restricted in his almost daily duty of examining records and procuring copies of papers filed in the clerk's office of the courts of the state where his practice requires him to go.

Art. 1, § 12 of the Constitution of Indiana provides that "All courts shall be open; and every man, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely and without denial; speedily, and without delay."

Under this section of the constitution respondent may not deny parties to the action and their attorneys free access to the papers in any case.

With respect to many of the reasons for not ordering the non-resident notice and summons given by respondent, we may say that it would have been permissible for petitioner to have indorsed his amended petition as provided in the first sentence of the statute, but such indorsement is not a requisite under the situation outlined in the last sentence quoted.

The consent to serve as next friend was filed a year and two days before the original action was

filed in this court. Surely respondent may not contend that he has not had sufficient time to ascertain if the next friend is a competent and responsible person. § 2-207 Burns' 1946 Repl. provides:

> "Before any process shall be issued in the name of an infant who is a sole plaintiff, a competent and responsible person shall consent, in writing, to appear as the next friend of such infant; and such next friend shall be responsible for the costs of such action; and thereupon process shall issue as in other cases. But where it shall appear to the court that such next friend is incompetent, or irresponsible, the court may remove him, and permit some suitable person to be substituted, without prejudice to the progress of the action."

But no duty is cast upon the court *sua sponte* to examine minutely as to the competency or responsibility of the next friend. If after the parties are before the court, either by voluntary appearance or as a result of the service of process, incompetency or irresponsibility of the next friend is established in a legal way, the court may remove her and permit a suitable person to be substituted, and this must be done "without prejudice to the progress of the action." Our courts have consistently held that the provision of the statute requiring "the filing of a written consent of the next friend before process shall issue" is directory only, in respect to the time when such consent shall be filed and that process may issue and the cause proceed without such consent, until it is required by the defendant. *Greenman* v. *Cohee, by his Next Friend* (1878), 61 Ind. 201, 202. *Budd* v. *Rutherford* (1891), 4 Ind. App. 386, 289, 30 N. E. 1111.

Since the Delaware Circuit Court has "exclusive jurisdiction of the settlement of decedent estates,"

Burns' 1946 Replacement, § 4-303, that relator filed his action in the probate proceeding, even if it be conceded that this were irregular, should not delay the case since it is within the power and duty of respondent to transfer the action to the proper docket. However, we think it was properly filed in the probate cause. At any rate this has been the usual practice in this state. *Ex rel. Schumacher* v. *Adams Circuit Court et al.* (1947), 225 Ind. 200, 73 N. E. 2d 689. *In re: Lamberts Estate* (1945), 116 Ind. App. 293, 62 N. E. 2d 871.

The response contains many propositions and matters of fact that may be presented in making the issues, or on the trial of relator's petition, and many matters that are wholly irrelevant. All are foreign to anything that may properly come before the court in determining whether process should issue for the defendants. This mandamus proceeding is for the sole purpose of compelling the issuance and service of process upon defendants. No matter what the judge's feeling may be with respect to the merits of the plaintiff's cause, he may not deny him the right to have process issued and served as provided by the law. U. S. Constitution, Amendments 5 and 14, § 1. *State ex rel. White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, 34 N. E. 2d 129. *Kuntz* v. *Sumption, Treasurer* (1888), 117 Ind. 1, 19 N. E. 474, 2 L. R. A. 655.

The legislature of the State of Indiana has performed its full duty in providing for the issuance of process, by enacting statutes thereon—some of which applicable to this case are cited herein—for the government of its courts while exercising their respective jurisdictions. If these are followed by the courts as designed by the legislature

the parties will have due process as provided for by the Federal Constitution. See *Arrowsmith* v. *Harmoning, Admx. et al.,* 118 U. S. 194, 6 S. Ct. 1023, 30 L. Ed. 243.

Under our code of civil procedure a civil action is not deemed commenced until the complaint is filed in the clerk's office and summons is issued thereon; and as to those against whom publication is made from the date of the first publication. § 2-802 Burns' 1946 Repl. *Evans* v. *Galloway* (1863), 20 Ind. 479; *Fordice and Another* v. *Hardesty and Another* (1871), 36 Ind. 23, 36; *Marshall* v. *Matson* (1908), 171 Ind. 238, 244, 86 N. E. 339. It is thus apparent that relator's action is not yet commenced and cannot be until the requested summons is issued to the sheriff for service upon the resident defendants; or until the non-resident notice is issued and one publication thereof is made. There is no contention that the defendants or any of them have waived the issuance and service of process as required by the statute, or that any of them have entered an appearance to the petition or that they are before the court in any manner known to the law. It cannot be contended under such circumstances that some lawyer has made an oral motion—with permission to reduce it to writing later—to dismiss the action that has not yet been lawfully commenced, and that the trial court needed additional time to consider such a motion, before ordering the issuance of process, as imperatively commanded by statute. Certainly the court would have no authority to dismiss an action that had not yet been lawfully commenced.

A circuit court has general jurisdiction to exercise its powers when properly called upon to do so in

causes of certain classes. This jurisdiction is granted by the constitution and statutes of the state. But it has no jurisdiction to exercise its powers in a particular case until the action is instituted in a proper manner agreeable with the laws of the state. *Pease* v. *State* (1921), 74 Ind. App. 572, 574, 575, 576, 129 N. E. 337; *Friebe* v. *Elder* (1913), 181 Ind. 597, 603, 604, 105 N. E. 151; *Moore-Mansfield etc. Co.* v. *Indianapolis Etc. R. Co.* (1913), 179 Ind. 356, 361, 101 N. E. 296; *Hancock* v. *Ritchie* (1858), 11 Ind. 48, 51, 52, 53; *Marshall* v. *Matson, supra; Alexandria Gas Co.* v. *Irish* (1899), 152 Ind. 535, 536, 537, 53 N. E. 762; *Wood et al.* v. *Bissell* (1886), 108 Ind. 229, 230, 231, 9 N. E. 425; *Knue* v. *Knue, supra.*

It is, therefore, ordered that the alternative writ of mandate heretofore issued herein be made permanent; that respondent be mandated to order the issuance of summons for the resident defendants to relator's petition filed in cause No. 9241 (Probate) in the Delaware Circuit Court and a non-residence notice for the non-resident defendants thereto as requested; and further that he be mandated to release the files, papers and records in said matter and to allow relator's attorneys to inspect and examine the records, pleadings and papers filed in said cause without first clearing a request for permission so to do with respondent.

NOTE.—Reported in 82 N. E. 2d 82.

## ON PETITION FOR REHEARING.

GILKISON, J.—In a petition for rehearing, respondent among other things insists that three of the defendants to relator's petition in respondent's court in cause No.

9241 (Probate) on May 26, 1948 voluntarily entered a general appearance by their attorney, Everett Warner, and filed an oral motion to remove Virginia Hurd as next friend of relator. He avers that this attorney for said clients at that time also filed an oral motion to dismiss the amended petition. He avers that within a week thereafter both motions were filed in writing. The record now shows that the written motions mentioned were filed June 2, 1948, one week after the mandamus action was filed in this court. In his rehearing brief relator insists that the motions mentioned were not filed until June 2, 1948. This confusion of the parties may have been occasioned by the peculiar method of filing—first oral, later in writing—or it may have been caused by the order impounding the records and papers.

If there has been a general appearance of these three defendants by the filing of the motions mentioned, no summons or notice is now required for them, and the opinion is modified accordingly with respect to notice for said three defendants.

However, in an action seeking to give the petitioner rights in a decedent's estate, it is indispensably necessary to bring before the court all the parties who under the law may be entitled to share in its distribution, the administrator or executor, the heirs and devisees, whoever they may be, must necessarily be brought in. 26 C. J. S., Descent and Distribution, § 80, p. 1125; *Ex rel. Schumacher* v. *Adams Circuit Court* (1947), 225 Ind. 200, 73 N. E. 2d 689; In re: *Davis Estate* (1940), 38 Cal. App. 2d 579, 101 P. 2d 761, 102 P. 2d 545; *Smith* v. *Smith* (1899), 13 Col. App. 295, 300, 57 Pac. 747; See also *Miller* v. *Bode, Admr.* (1923), 80 Ind. App. 338, 344, 139 N. E. 456.

It has been said in such an action or proceeding each

party except the administrator or executor, is an independent actor and is a plaintiff as against all others whose claims are adverse, without regard to whether he is styled as plaintiff or defendant.

Respondent's petition for rehearing is denied.

Note—Reported in 82 N. E. 2d 87.