HEDGES ET AL. *v.* COMPTON.
[No. 18,741. Filed January 22, 1957.]

*Victor Ahrens* and *Wilbur F. Dassel,* of Evansville, for appellants.

*Robert S. Wagoner,* of Rockport, *David I. Day, Jr.* and *Marshall, Batman & Day,* of Terre Haute, for appellee.

KELLEY, P. J.—On September 15, 1954, appellants filed complaint against appellee to set aside a default judgment previously recovered by appellee against appellants. Endorsed on appellants' complaint was a praecipe to the Clerk for the issuance of a summons for appellee, returnable September 29, 1954. Appellants say that on September 15, 1954, the Clerk prepared and signed a summons directed to the Sheriff of Spencer County, commanding the latter to summon the appellee to "appear in the Circuit Court of Spencer County, before the Judge thereof on the 29th day of September,

1954, the 21st day of the September Term, held in the Court House in Rockport on the 1st Monday of September, 1954 . . .".

On February 4, 1955, appellants filed an "affidavit of service of summons" by one Gene Hedges, wherein the latter, upon his oath, said:

"That on this 16th day of September, 1954, the undersigned served *a summons* in the above entitled cause, *of which the one hereto attached is a true and complete copy,* upon the defendant R. Hal Compton by reading to and within the hearing of said R. Hal Compton, at 335½ Fredericka Street, Owensboro, Kentucky, at 8:25 o'clock A.M. C.S.T. of said day; that said R. Hal Compton, the defendant in said cause, so served with summons is the identical person named in the action of proceeding." (Our italics).

Appellee appeared specially to the action and filed an unverified motion to quash the summons and dismiss the action for want of jurisdiction. The basis of the motion to quash was that the summons was intended to be served outside this state as a substitute for notice by publication and was not delivered to the Sheriff of Spencer County, Indiana, that none of the statutory causes for such service was made to appear by affidavit, and that the record disclosed no necessary order of court to authorize such personal service outside the state. The motion to dismiss the action was predicated upon the ground that no action against appellee has been commenced since the summons was not delivered to the Sheriff and the statutory procedure for service thereof without the state in lieu of publication was not followed.

The motion to quash and set aside the summons was sustained by the trial court, as was the motion to dismiss the action. Pursuant thereto the summons was quashed and set aside and the action dismissed at appellants' costs.

The record does not disclose the filing by appellants of any affidavit showing one of the statutory causes for service by publication nor does it disclose any order of the court authorizing notice by publication or authorizing the issuance and personal service out of the state of a summons as a substitute for such publication. Appellants advance no contention that any such affidavit was filed or order made. On September 15, 1954 the Spencer Circuit Court was in its September Term and not in vacation.

It is incumbent upon the appellants to establish that the objected to ruling of the court was erroneous. Appellants have brought to us what is certified to be the complete record of the proceedings below. There is nothing in the record showing that appellee was a non-resident of this state at the time the complaint was filed and the summons procured. There is nothing in the record showing that the Gene Hedges who made the said affidavit of service of the summons on the appellee was a person authorized by said Sheriff of Spencer County to serve said summons. Therefore, it appears from the record that the attempted service of said summons was a nullity, *Kyle* v. *Kyle* (1876), 55 Ind. 387, *The Eel River Railroad Company et al.* v. *State ex rel. Kistler* (1898), 143 Ind. 231, 236, 42 N. E. 617, in the absence of a showing of strict pursuance of the statutory provisions, Sec. 2-807 and Sec. 2-808, Burns' 1946 Replacement, relating to personal service out of the state of summons on a non-resident. *The Eel River Company et al.* v. *State ex rel. Kistler, supra.* As noted above, such provisions of the statute are not shown by the record to have been followed by the appellants.

In the case of *Knue* v. *Knue* (1940), 217 Ind. 319, 321, 322, 28 N. E. 2d 76, our Supreme Court epitomized the governing rules in these words:

". . . A summons intended to be served without

the state, as a substitute for notice by publication, and not delivered to the sheriff is not such a summons as will consummate the commencement of an action, within the contemplation of the above statute. . . . As notice by publication is authorized only by statute, an affidavit must be filed showing one of the causes specified in the statute when such service is relied upon. . . . If personal service out of the state is resorted to as a substitute for publication, one of the statutory causes for service by publication must likewise be made to appear by affidavit. . . ."

"An order of the court is also necessary to authorize notice by publication when the court is in session."

In the Eel River Railroad case, *supra,* it was held:

"A summons from the circuit court can only be served in this state by the sheriff, or by some one authorized by him for that purpose. *Kyle* v. *Kyle,* 55 Ind. 387. Service of process by one not authorized to serve it is a nullity, and confers no jurisdiction.

"An unofficial person may serve a summons without the state when such service is authorized by statute. *In such case the service and proof must show that the case was one in which such person had authority to serve the process. . . .*" (Our emphasis).

"It is a fundamental rule that statutory provisions for acquiring jurisdiction of the person of a defendant by service of process by an unofficial person by publication, or personal service of process out of the state *must be strictly pursued. . . .*" (Our emphasis).

"This proof of service (referring to the proof in the Eel case) seems to have been made under the provisions of Section 319, R. S. 1881[1] (section 321, R. S. 1894), which provides that when a defendant is a non-resident, personal service of summons out of the state is equivalent to publication; and such service may be proved by the affidavit of a competent person, etc. The proof of service of summons on the Eel River Company was not sufficient

---

1. Now Sec. 2-808, Burns' 1946 Replacement.

under this section for the reason *it was not shown that said company was a non-resident of the State."* (Our emphasis).

The appellants in the case at hand are confronted with the same difficulty as that of the appellee in the said Eel River Company case. Here the service and proof made by appellants, as shown by the record, did not show that the defendant (appellee) was a nonresident or that the case was one wherein the said Gene Hedges (who made the affidavit of attempted service of process) possessed authority to serve the process. It follows that the trial court acquired no jurisdiction over the appellee and the summons was properly quashed and set aside by it.

Appellants urge that the holding in the Knue case, *supra,* is erroneous in stating that the summons must be *placed in the hands* of the sheriff for service and that it is sufficient if the summons is *directed* to the sheriff. We, of course, are not authorized to contravene or overrule the decisions of our Supreme Court. If the holdings of that court be considered improvident or erroneous, that forum alone has the power to act with reference thereto. However, we suggest that a long line of decisions by our courts have firmly established that a summons is not *issued* until it is placed in the hands of the sheriff for service. See, among others, the following: *Hancock* v. *Ritchie* (1858), 11 Ind. 48, 52; *Evans* v. *Galloway* (1863), 20 Ind. 479; *Fordice* v. *Hardesty* (1871), 36 Ind. 23, 26; *The Charlestown School Township* v. *Hay* (1881), 74 Ind. 127, 128; *Trentman* v. *Fletcher* (1884), 100 Ind. 105, 112; *Alexandria Gas Co.* v. *Irish* (1899), 152 Ind. 535, 537, 53 N. E. 762; *Marshall* v. *Matson* (1908), 171 Ind. 238, 244, 86 N. E. 339; *Carriger et al.* v. *Mackey* (1896), 15 Ind. App. 392, 393, 44 N. E. 266.

The transcript includes no bill of exceptions contain-

ing any evidence and the appellants assert that no evidence was heard by the court. From this, appellants ingeniously imply that there was nothing before the court "to indicate or to even surmise or guess that the summons . . . was not . . . 'delivered' to the Sheriff of Spencer County," and that we must presume that the official (we take it that appellants refer to the Clerk of the court) did his duty. Appellants do not state or define just what duty of the official we are to presume was performed by him. As we understand it, however, appellants desire us to presume that the clerk delivered the summons to the sheriff for service. The appellants' purpose, evidently, in urging such presumption, is to establish that an action was duly commenced against the appellee and that the court erred in dismissing the action, even if the service of the process was faulty or a nullity. Such presumption cannot be indulged by us. The burden is upon appellants to show error by the record.

"It has been held many times that all reasonable presumptions are indulged on appeal in favor of the rulings and judgments of a trial court, that *the record must exhibit the errors for which the reversal is sought,* and that *a court of appeals will not presume anything in favor of appellant to sustain his alleged error.*" (Our emphasis). *New York Central Railroad Company* v. *Milhiser* (1952), 231 Ind. 180, 189, 106 N. E. 2d 453.

Judgment affirmed.

NOTE.—Reported in 139 N. E. 2d 563.