REYNOLDS ET AL. *v.* NATIONAL CITY BANK, EXECUTOR, ET AL.

[No. 14,066.   Filed December 10, 1930.]

2

*Edmund L. Craig,* for appellants.

*Albert J. Veneman, Victor Sappenfield, Frank H. Hatfield* and *Louis L. Roberts,* for appellees.

REMY, J.—Appellee National City Bank is the executor of the last will of Anna McGraill. By the terms of her will, testatrix left the bulk of her estate to appellees other than the executor. Appellants, heirs at law of testatrix, began this action, under §1 of the Acts of March 4, 1911 (Acts 1911 p. 325, §3485 Burns 1926), to contest the validity of the will, on the grounds that testatrix was, at the time, a person of unsound mind, and that the will was unduly executed.

Trial was by the court, and, at the close of all the evidence, plaintiffs, appellants here, moved to dismiss. Whereupon, the defendants, appellees here, resisted the motion, claiming that it was not made in good faith, but was for the purpose of harassing appellees, and that, if the motion should be sustained, a new suit of like import would be immediately filed for the purpose of further annoyance to them.

The court overruled the motion, and, plaintiffs having elected to stand upon their motion, the court at once found that the instrument in question was the last will of Anna McGraill, who, at the time of its execution, was a person of sound mind, and that the will was in all things duly executed; in accordance with which finding, judgment was rendered, and this appeal followed.

It is provided by §433 of the Code of Civil Procedure (Acts 1881 [Spec. Sess.] p. 240, §354 Burns 1926), that an action may be dismissed by the plaintiff without prejudice "at any time before the finding of the court is announced"; and this court has held that

the overruling of a timely motion by plaintiff to dismiss is a fatal error. *Runau* v. *Wheeler* (1925), 82 Ind. App. 489, 146 N. E. 584.

It is urged by appellees that since, in the case at bar, the action is to contest the validity of a will, and is a proceeding pursuant to a special statute (§1 of the Act of 1911, *supra*), the general provision of the code above referred to has no application. We do not concur in that view.

The statute in question makes provision as to the bringing of the action, including the grounds upon which it must be based, but there is no provision in the statute as to the right of dismissal, or as to the procedure at the trial of the cause. In the absence of such provisions in the special statute, the trial would be governed by the Code of Civil Procedure. A similar question was before the Supreme Court in *Crawfordsville Trust Co.* v. *Ramsey* (1912), 178 Ind. 258, 98 N. E. 177. In that case, the question was as to the survival of the action, and the court held that, since the statute as to contest of wills did not contain any provision relating to survival of the action, the rules of the Civil Code as to survival of causes applied.

It follows that the action of the court in overruling the motion to dismiss was error, for which the judgment is reversed, with instructions to set aside the judgment, and to sustain appellants' motion to dismiss.