STATE EX REL. CUNNINGHAM *v.* CIRCUIT COURT
OF HANCOCK COUNTY, DAVIS, JUDGE.

[No. 30,190. Filed March 9, 1962.]

*Edward F. New, Jr.,* of Indianapolis, for relator.

*Ging & Free, Waldo C. Ging, Stephen A. Free, Richard T. Lineback,* all of Greenfield, *Thompson, O'Neal & Smith, Patrick T. Smith, Marvin L. Hackman, Russell J. Ryan, Jr.,* all of Indianapolis, for respondent.

ACHOR, C. J.—Relator herein seeks a permanent writ of prohibition.

The relator filed a petition to determine heirship during administration in the estate of William J. Cunningham, deceased, in the Probate Court of Marion County. The action was thereafter transmitted on change of venue to the Circuit Court of Hancock County. On November 27, 1961, before any pleadings were filed in the cause by the adverse parties, relator filed a dismissal of the action. Accordingly the respondent court on that date entered an order of dismissal.

Thereafter, on December 13, 1961, the administrator of the estate and Helen Foley Cockrum, a niece of the deceased, filed a joint motion to vacate the order of dismissal.

On December 20, 1961, relator filed a pleading which he denominated as "Plea in Abatement to the Motion to Vacate the Order Dismissing Cause." In the plea in abatement addressed to the respondent court, the relator stated:

"(1) That as of November 27, 1961, this Court has no further jurisdiction of the subject matter or of the parties to this action, by virtue of a voluntary dismissal by the petitioner, costs paid, thereby constituting a full withdrawal of the sub-

mission of the only matter pending in this court in the above entitled cause, namely, a Petition to Determine Heirship During Administration, originally filed, and before a change of venue to this county, by such dismissing party in the Probate Court of Marion County, Indiana, in the matter of the Estate of William Cunningham, deceased, under Marion County cause No. E 61-1133, the exclusive jurisdiction to which is vested in Marion County by virtue of Sec. 4-2910, Burns' Annotated Statutes." [Exh. F.]

Thereafter, on December 22, 1961, the respondent judge rendered a judgment and decree in the cause which, in part was as follows:

"Said purported Plea in Abatement raises no issue of fact which would cause the action to abate. The Court now sustains the joint motion of the administrator and Helen Foley Cockrum to vacate the order of this Court made November 27, 1961 dismissing this action and the Court now vacates said order and declares said order to be void. This action is hereby reinstated as a pending case in this Court." [Exh. G.]

Respondent, in his brief in opposition to the petition for writ of prohibition, affirms the well established rule of law applicable in civil cases generally that under the statute[1] a party-plaintiff has an absolute right to dismiss his cause of action in the absence of any affirmative pleadings thereto by the adverse parties. However, respondent contends that the procedure prescribed under Acts 1961, ch. 224, §1, p. 535 [§2-901, Burns' 1961 Cum. Supp.] is not controlling of a proceeding to determine heirship as provided under Acts 1953, ch. 112, §606, p. 295 [§6-606, Burns' 1953 Repl.] In support of this contention respondent asserts that the

---

1. Acts 1961, ch. 224, §1, p. 535 [§2-901, Burns' 1961 Cum. Supp.]

latter action is not an ordinary civil proceeding wherein all the parties-plaintiff are in a clearly adversary realtionship to the parties-defendant. Respondent argues that in proceedings to determine heirship, by the very nature of the action all parties to the action, both plaintiff and defendant, must be considered as parties-plaintiff since all parties are claimants who seek or are asserted to seek affirmative relief with respect to the rest of the action. Consequently respondent argues that once the action is commenced and the adversary interest of the other parties in the res of the action is asserted by the complaint, thereafter all parties are, in effect, plaintiffs and therefore that the action can only be dismissed on the motion of or with the consent of all parties to the action.

Neither the relator nor the respondent have provided the court with any authority which is in point upon the question as to whether or not parties defendant in a proceeding to determine heirship may be considered as plaintiffs insofar as their right to resist the dismissal of such action is concerned, and none has come to our attention.

In support of its contention respondent cites the case of *State ex rel. Hurd* v. *Davis* (1948), 226 Ind. 526, 538-539, 82 N. E. 2d 82, 87-88, where, on petition for rehearing, this court, in referring to a proceeding to determine heirship in an estate, stated as follows:

"It has been said in such an action or proceeding each party except the administrator or executor, is an independant actor and is a plaintiff as against all others whose claims are adverse, without regard to whether he is styled as plaintiff or defendant."

Even so, from our inquiry it does not appear that the principle above enunciated has been applied to the facts with which we are here confronted or that the courts in such cases have deviated from the generally established rule that a defendant, in order to take on the characteristics of a party-plaintiff, must file a pleading asking for affirmative relief.

While we do not hold this proceeding to be a civil action, the relationship of the parties to the res is substantially the same as in civil actions to quiet title and suits in contest of wills. In such actions the right of the plaintiff to dismiss prior to the filing of a pleading asking for affirmative relief is well settled in the law. See: 74 C. J. S. Quieting Title §83; 29 I. L. E. Wills §148; *Cook et al.* v. *Herring* (1959), 130 Ind. App. 72, 162 N. E. 2d 108; *Reynolds* v. *National City Bank, Exr.* (1930), 92 Ind. App. 1, 173 N. E. 639. Based upon this precedent, by analogy it would follow that relator had a right to dismiss his action at any time prior to the filing of any affirmative pleading in or determination of the cause.

In the case before us, at the time relator filed for dismissal, no pleadings, affirmative or otherwise, had been filed by the adverse parties. Therefore, such adverse parties had not yet assumed the characteristics of parties-plaintiff in the cause. Until they had done so relator had an absolute right to dismiss her cause of action. *Stamper* v. *Link* (1946), 117 Ind. App. 212, 69 N. E. 2d 600; See also: 27 C. J. S. Dismissal & Nonsuit §18(a), (b). Under such circumstances the court lost all jurisdiction over the case and had no authority to reinstate the action after it had been dismissed. *State*

576

*ex rel. A.-Chalmers Mfg. Co.* v. *Boone C. Ct.* (1949), 227 Ind. 327, 86 N. E. 2d 74.

Since the respondent did not have a right to reinstate the cause of action, he is without jurisdiction to proceed further in the case and a writ of prohibition against such further action is proper.

The respondent is, therefore, ordered to expunge from its record of December 22, 1961, an order entered in the cause entitled: "In the Matter of the Petition to Determine Heirship in Estate of William J. Cunningham", the same being cause No. 30713, which decree purported to reinstate said cause as a pending case in said court and, further, the respondent is prohibited from proceeding further in said cause.

Arterburn, Bobbitt, Jackson and Landis, JJ., concur.

NOTE.—Reported in 180 N. E. 2d 527.