**JOYCE SPORTSWEAR CO., Petitioner,**

v.

**STATE BOARD OF TAX COMMISSIONERS,**
Respondent.

No. 45T10–9609–TA–00112.

Tax Court of Indiana.

Sept. 4, 1997.

Timothy R. Sendak, Sendak, Neff, Rominger & Stanko, Crown Point, for Petitioner.

Jeffrey A. Modisitt, Attorney General, Marilyn S. Meighen, Deputy Attorney General, Indianapolis, for Respondent.

FISHER, Judge.

Joyce Sportswear Co. (Joyce) appeals a final determination of the State Board of Tax Commissioners (State Board) increasing the March 1, 1989 assessment for property it owns. Both the State Board and Joyce have moved for summary judgment. Joyce raises four issues for this summary judgment proceeding. This Court consolidates and restates the issues as follows: 1) whether the Lake County Board of Review's assessment of Joyce's property was invalid; 2) whether the State Board has the authority in a tax-payer-initiated petition for review to assess property more than three years prior to its final determination, and 3) the effect of Joyce's motion to withdraw its petition for review during the pendency of proceedings before the State Board.

For the reasons stated below, this Court DENIES Joyce's Motion for Summary Judgment and GRANTS the State Board's Motion for Summary Judgment.

### FACTS AND PROCEDURAL HISTORY

Joyce Sportswear is a manufacturer of women's apparel. Its manufacturing facilities are located in Gary, Indiana. In 1990, the Calumet Township Assessor (township assessor) assessed the facility as of March 1, 1989 and valued the land and the improvements at $233,970. On March 16, 1990, Joyce appealed this assessment to the Lake County Board of Review (BOR). During the pendency of this appeal, the township assessor filed a petition to correct error with the BOR.[1] In that petition, the township assessor stated that some errors were made in the assessment and that the assessment should have been $236,570. On April 16, 1992, the BOR issued its decision: for the tax years 1989 and 1990, the BOR concurred with the original findings of the township assessor, but for the tax year 1991, the BOR increased the total assessment from $233,970 to $236,570.

Joyce appealed to the State Board on May 15, 1992. A State Board hearing officer held a hearing.[2] That hearing officer subsequently left the State Board's employ; consequently a second State Board hearing officer heard the case on September 12, 1995, more than three years after Joyce filed its petition for review with the State Board. On October 6, 1995, the hearing officer notified Joyce that she would recommend an increase in the assessment to her supervisor. Subsequently, Joyce moved to withdraw its petition; the State Board denied that motion on November 8, 1995. On August 16, 1996, the State Board issued its final determination, assessing the total value of the property at $318,-

---

1. *See* IND.CODE ANN. § 6–1.1–15–1(f) (West Supp. 1996) (providing for township assessor's response to taxpayer petition).

2. The record does not disclose the date of the first hearing. This does not affect the outcome of this decision.

260 as of March 1, 1989. Joyce filed this original tax appeal.

## ANALYSIS AND OPINION
### Standard of Review

■ The State Board is accorded great deference when it acts within the scope of its authority. *Bender v. State Bd. of Tax Comm'rs*, 676 N.E.2d 1113, 1114 (Ind.Tax Ct.1997). Accordingly, this Court will not reverse a final determination of the State Board unless it is unsupported by substantial evidence, constitutes an abuse of discretion, is arbitrary and capricious, or exceeds statutory authority. *Id.*

■ On March 24, 1997, Joyce filed a motion for summary judgment, which was followed by the State Board's own motion for summary judgment on April 23. Summary judgment is appropriate only when no genuine issues of material fact exist and a party is entitled to judgment as a matter of law. IND.TRIAL RULE 56(C). Cross motions for summary judgment do not alter this standard. *Roehl Transp., Inc. v. Department of State Revenue*, 653 N.E.2d 539, 541 (Ind.Tax Ct.1995). A hearing on the cross motions was held before this Court on July 21, 1997.

### Discussion

Joyce argues that because the BOR assessed its property differently for different years, the BOR's assessment is invalid and void. The State Board argues that the BOR had this authority, and that, in any event, the State Board had the authority to issue a final determination with respect to all of the tax years in question.

■ Ordinarily, Joyce's contention would be moot. The State Board assessed the property as of March 1, 1989, i.e., assessed the property at the same value for the tax years in question. *See Williams v. State Bd. of Tax Comm'rs*, 648 N.E.2d 713, 715 (Ind. Tax Ct.1995). In taxpayer-initiated original tax appeals, this Court's jurisdiction only allows this Court to review a "final determination of the department of state revenue or the state board of tax commissioners." IND. CODE ANN. § 33-3-5-11(a) (West 1996). With respect to property taxation, assess-

ment errors made by lower taxation authorities are to be corrected by the State Board, not this Court. *See County Bd. of Review v. Kranz*, 224 Ind. 358, 66 N.E.2d 896, 897 (1946) (explaining that agencies should be given opportunity to correct errors before courts).

■ In general, errors made by lower taxation authorities do not deprive the State Board of authority to review assessments. *See Dawkins v. State Bd. of Tax Comm'rs*, 659 N.E.2d 706, 708 (Ind.Tax Ct.1995). However, errors that render the assessment itself invalid may have the effect of depriving the State Board of authority to assess property because of the statutory scheme under which the State Board reviews assessments. *See Lakeview Country Club, Inc. v. State Bd. of Tax Comm'rs*, 565 N.E.2d 392, 395 (Ind. Tax Ct.1991).

Under IND.CODE ANN. § 6–1.1–15–3(a) (West Supp.1996), a taxpayer may file a petition for review of a BOR assessment with the State Board. However, when the taxpayer does so, the State Board is free to "assess the property in question, correcting any errors which may have been made." IND.CODE ANN. § 6–1.1–15–4(a) (West Supp.1996). In *Lakeview Country Club*, the court dealt with the extent of the State Board's power under section 6–1.1–15–4 to correct errors in assessment. The court concluded that the State Board may only correct an error in the assessment if there was a valid assessment in the first place. *Lakeview Country Club*, 565 N.E.2d at 395. If the original assessment is invalid, then the State Board may only assess property if doing so would not run afoul of the restrictions on its authority to sua sponte assess property under IND.CODE ANN. § 6–1.1–14–10 (West 1989). *Lakeview Country Club*, 565 N.E.2d at 395; *see also Dawkins*, 659 N.E.2d at 708 (BOR failed to comply with statutory procedures for assessment, but because State Board complied with the restrictions placed on its section 6–1.1–14–10 power, State Board could properly assess property sua sponte). Those restrictions include a three-year limitation on its authority to assess property for any given year. *See* IND.CODE ANN. §§ 6–1.1–9–4, 6–1.1–14–11 (West 1989). Proper notice and a hearing

prior to a sua sponte assessment are also required. *See id.* § 6–1.1–14–11.

■ The clear import of the *Lakeview Country Club* holding is that the State Board may not cure a failure on the part of lower taxation authorities to comply with the statutory prerequisites to a valid assessment by way of its ability to correct any assessment error in taxpayer-initiated petitions. The State Board's power under section 6–1.1–15–4 is limited to correcting errors in the assessment process itself. Any other rule would allow the State Board to validate an otherwise invalid assessment and circumvent the statutory protections afforded taxpayers.

■ Because the State Board made its final determination pursuant to section 6–1.1–15–4, this Court will examine whether the BOR's assessment was valid. Joyce challenges the "jurisdiction" of the BOR to assess different values for different years in between general assessments. *See* IND.CODE ANN. § 6–1.1–4–4 (West Supp.1996) (currently providing for general assessment every four years). Even if this were error,[3] it would be of no avail to Joyce. In this case, the assessment of Joyce's property was properly before the BOR. The statutory prerequisites for the BOR's ability to assess Joyce's property had been satisfied: Joyce filed a petition for review triggering the BOR's ability to assess its property. *See* IND.CODE ANN. § 6–1.1–15–2.1(b) (West Supp.1996). Therefore, the BOR's assessment of Joyce's property was not invalid, and any error in the assessment was correctable by the State Board.

■ Joyce next argues that the State Board may only assess its property for the three years prior to the State Board's final determination. The State Board argues that the three-year limitation applicable to its power to assess property sua sponte does not apply where the State Board assesses property in the course of taxpayer-initiated petitions. In *Lakeview Country Club*, 565

N.E.2d at 395 n. 3, this Court expressly reserved that question and will now face it squarely.

As this Court observed in *Lakeview Country Club*, there is no express time limitation on the State Board's authority to assess property in the course of a taxpayer-initiated petition. This contrasts with the three-year limitation on the State Board's authority to assess property sua sponte. Because there is no express time limitation in the statute itself, Joyce calls upon this Court to extend the statutory protections afforded taxpayers when the State Board chooses to exercise its authority to sua sponte assess property.

■ "When faced with a question of statutory interpretation, this Court looks first to the plain language of the statute. Where the language is unambiguous, this Court has no power to construe the statute for the purpose of *limiting or extending its operation.*" *Cooper Indus., Inc. v. Department of State Revenue,* 673 N.E.2d 1209, 1211 (Ind.Tax Ct.1996) (emphasis added and internal quotation marks omitted). Section 6–1.1–9–4(a) states,

Real property may be assessed, or its assessed value increased, for a prior year *under this chapter* only if the notice required by section 1 of this chapter is given within three (3) years after the assessment date for that prior year.

(emphasis added). By its own terms, section 6–1.1–9–4(a) does not apply to proceedings under section 6–1.1–15–4.[4] The general assembly in plain and unambiguous terms has limited the reach of this statute. It is not for this Court to extend it. Accordingly, this Court holds that the State Board could properly assess Joyce's property as of March 1, 1989.

■ Lastly, Joyce argues that it may withdraw its petition to the State Board as of right, thereby ending the case. According to Joyce, this right is grounded both in T.R. 41(A) and the common law procedural device

---

3. The County Boards of Review and the township assessors have the authority to reassess property at different values for the interim years between general assessments. *See* IND CODE ANN. §§ 6–1.1–4–25, –30 (West 1989); *Williams,* 648 N.E.2d at 715.

4. On its face, section 6–1.1–9–4(a) also does not apply to proceedings under section 6–1.1–14–10. However, it is made applicable by section 6–1.1–14–11.

known as the retraxit. Both arguments will be addressed in turn.

■ In general, where the rules governing procedure in administrative adjudications are silent, the Indiana Rules of Trial Procedure are applicable by analogy. *See LeSea Broad. Co. v. State Board of Tax Comm'rs,* 512 N.E.2d 506, 508–09 (Ind.Tax Ct.), *adopted,* 511 N.E.2d 1009 (Ind.1987). There are no statutory provisions, nor has the State Board promulgated any rules regarding the voluntary withdrawal of petitions for review. Therefore, this Court will look to the Indiana Trial Rules and cases construing them for guidance in determining whether Joyce could withdraw its petition as of right.

T.R. 41(A) provides:

**(A) Voluntary Dismissal: Effect Thereof.**

(1) *By Plaintiff—By Stipulation.* Subject to contrary provisions of these rules or of any statute, an action may be dismissed by the plaintiff without order of court:

(a) by filing a notice of dismissal at any time at any time before service by adverse party of an answer or of a motion for summary judgment, whichever first occurs. . . .

In hearings before the State Board, responsive pleadings are not required. This case therefore presents the issue of the operation of T.R. 41(A) by analogy in a situation where no responsive pleading is required. According to Joyce, only a responsive pleading by the State Board would have foreclosed its right to withdraw its petition.[5]

■ In *Rose v. Rose,* 526 N.E.2d 231 (Ind.Ct.App.1988), the Indiana Court of Appeals dealt with a similar situation. In *Rose,* the court faced the issue of whether the petitioner in a dissolution[6] proceeding could dismiss her petition as of right at an advanced stage of the litigation because no responsive pleading had been served. In concluding that the petitioner could not, the *Rose* court explained that allowing such a dismissal would "not be in accord with the essential purpose of rule 41(a)." *Id.* at 235 (citing *Harvey Aluminum, Inc. v. American Cyanamid Co.,* 203 F.2d 105, 108 (2d Cir.), *cert. denied,* 345 U.S. 964, 73 S.Ct. 949, 97 L.Ed. 1383 (1953)). The essential purpose of the rule "was to eliminate evils resulting from the absolute right of a plaintiff to take a voluntary nonsuit at any stage of the proceedings before the pronouncement of judgment and after the defendant had incurred substantial expense or acquired substantial rights." *Id.* (citing cases). Another court has also stated that a T.R. 41(A) dismissal is properly denied if the adverse party will suffer legal prejudice from the dismissal. *See Levin & Sons, Inc. v. Mathys,* 409 N.E.2d 1195, 1198 (Ind.Ct.App.1980). *See also Hidden Valley Lake Property Owners Ass'n v. HVL Utils., Inc.,* 445 N.E.2d 575, 576 (Ind.Ct.App.1983) (allowing dismissal where adverse party is afforded all relief sought). Applying the teaching of these cases to this case leads to the conclusion that if the State Board can demonstrate either substantial expense or legal prejudice, Joyce's petition to withdraw was properly denied.

At the time Joyce moved to withdraw its petition, the proceeding was in an advanced stage. Two evidentiary hearings had been held, and the hearing officer had decided on a recommendation (subject to Joyce's right to present further evidence[7]). From a procedural standpoint, most of the work had been done on this case. To have allowed Joyce to withdraw would have meant a substantial waste of time and effort. This constitutes a

---

**5.** In its memorandum, Joyce states that "absent a counterpetition, a voluntary dismissal is available anytime prior to judgment" in a marriage dissolution proceeding. (Pet'r Mem.Supp.Summ.J. at 4.) As the following discussion demonstrates, this is incorrect.

**6.** A responsive pleading is permissible, but not required in a dissolution proceeding. *See* IND. CODE ANN § 31–1–11.5–4(d) (West Supp.1996) (repealed 1997) (to be recodified at IND.CODE

§ 31–15–2–9). By statute, the Indiana Trial Rules are applicable to dissolution proceedings. *See id.* § 31–11.5–4 (West Supp.1996) (repealed 1997) (to be recodified at IND.CODE § 31–15–2–1).

**7.** *See Castello v. State Bd. of Tax Comm'rs,* 638 N.E.2d 1362, 1364 (Ind.Tax Ct.1994) (taxpayer has a right to present additional evidence where State Board raises new issue on petition to review).

substantial expense. Therefore, a voluntary withdrawal as of right was inappropriate, and the State Board was well within its power to deny it.

■ A voluntary dismissal under T.R. 41(A) is also inappropriate where the adverse party will "suffer some legal prejudice other than the mere filing of a second lawsuit." *Rose*, 526 N.E.2d at 234. Under the statutory scheme, when a taxpayer petitions the State Board for review, the State Board is given the power to "assess the property in question, correcting any errors which may have been made." IND.CODE ANN. § 6–1.1–15–4(a) (West Supp.1996). This power gives the State Board the plenary authority to reassess the property at a value higher than the one appealed by correcting errors in the original assessment.[8] *See Herb v. State Bd. of Tax Comm'rs*, 656 N.E.2d 890, 894 n. 4 (Ind.Tax Ct.1995); *Castello*, 638 N.E.2d at 1365; *Wirth v. State Bd. of Tax Comm'rs*, 613 N.E.2d 874, 879 (Ind.Tax Ct.1993). As explained above, there is no time limit on the State Board's ability to assess the property prior to the State Board's final determination. The State Board also has the power to assess property in the absence of a taxpayer petition, so long as the proper notice and the opportunity for a hearing are given. *See* IND.CODE ANN. §§ 6–1.1–14–10, –11. However, in order to increase the assessed value of the property through its power of sua sponte review, the State Board must do so within three years of the assessment date. *See* IND.CODE ANN. §§ 6–1.1–14–11, 6–1.1–9–4 (West 1989). *See also Mills v. State Bd. of Tax Comm'rs*, 639 N.E.2d 698, 703 (Ind.Tax Ct.1994) (discussing statutory procedures for State Board sua sponte review of assessment).

In this particular case, to allow Joyce to withdraw its petition as of right would foreclose the State Board from ever reassessing Joyce's property for the tax years in question. The original assessment date was well over three years ago. Therefore, the only avenue for the State Board to reassess Joyce's property is by way of Joyce's petition. Had the petition been dismissed, the State Board would have suffered legal prejudice, i.e., the inability to arrive at the correct assessment of Joyce's property for the tax years in question. As a result, Joyce was not entitled to withdraw its petition as of right.

This conclusion is supported by the observations of two courts in other jurisdictions. In *Wiregrass Ranch, Inc. v. Saddlebrook Resorts, Inc.*, 645 So.2d 374 (Fla.1994), the Florida Supreme Court rejected the notion that a party could dismiss its case before an administrative agency as of right where the hearing officer had already made factual determinations, but the agency had not issued a final order. In reaching this conclusion, the court found that a procedural rule similar to T.R. 41(A) "could not be utilized to divest an adjudicatory agency of the jurisdiction granted it by the legislature.... [This w]ould effectively allow ... [a] party to unilaterally terminate jurisdiction and in effect declare null and void factual findings made in a proceeding clearly within the agency's area of responsibility and jurisdiction...." *Id.* at 376. *Cf. Sansone Olds–Cadillac, Inc. v. Board of Adjustment*, 211 N.J.Super. 304, 511 A.2d 748 (1986) (refusing to hold that New Jersey analog of T.R. 41(A) permits withdrawal of application for zoning variance as of right where, inter alia, there was a considerable amount of time spent on the application).

■ Joyce also contends that a common law procedural device known as retraxit can be used in proceedings before the State Board and that the device allows a withdrawal of its petition as of right. Joyce cites *Ilagan v. McAbee*, 634 N.E.2d 827 (Ind.Ct. App.1994) in support of its argument. Assuming arguendo that the retraxit may be used in proceedings before the State Board,

---

8. In support of its position, Joyce advances the policy argument that the taxpayer should "not face the real possibility of a tax increase when he dares exercise his statutory right [to] appeal his assessment." (Pet'r Mem.Supp.Summ.J. at 4). In light of the fact that the Indiana General Assembly has provided that a taxpayer faces this very possibility, Joyce's policy argument is unavailing. Taxpayers in Joyce's situation are on notice that a petition for review may ultimately result in an increase in assessment. It is a risk that taxpayers may weigh in decisions to petition the State Board for review.

this Court will examine whether the retraxit allows Joyce to withdraw its petition as of right.

Retraxit literally means, "He has withdrawn." BLACK'S LAW DICTIONARY 1317 (6th ed. 1990). A retraxit is a common law procedural device whereby a party renounced his suit in open court. *See Ilagan*, 634 N.E.2d at 829, 3 WILLIAM BLACKSTONE, COMMENTARIES *296. This renunciation led to a voluntary dismissal of the suit with prejudice [9] and operated as res judicata barring any further action by that party for the same cause. *See Ilagan*, 634 N.E.2d at 827. Retraxit often was used as a means of dismissing a suit that had been settled by the parties out of court. *See Yancey v. Yancey*, 230 N.C. 719, 55 S.E.2d 468, 470 (1949).

The State Board's ability to assess Joyce's property is a legal right conferred by statute and triggered by Joyce filing its petition. The question, then, is whether Joyce could prejudice that right by the use of the retraxit. Because the retraxit is a kind of voluntary dismissal, this Court will look to whether voluntary dismissals could prejudice the legal rights of the adverse party.

In Indiana, one party's voluntary dismissal of the action did not carry with it the adversary's counterclaim without the adversary's consent. *See Judd v. Gray*, 156 Ind. 278, 59 N.E. 849, 850–51 (1901); *Egolf v. Bryant*, 63 Ind. 365 (1878). *Cf. Nicodemus v. Simons*, 121 Ind. 564, 23 N.E. 521, 523 (1890) (retraxit by one plaintiff cannot result in prejudice to co-plaintiff). A counterclaim is a legal right analogous to the State Board's statutory right to assess the property in this case. Because the retraxit may not be used to prejudice counterclaims, this Court concludes

that it also may not be used to prejudice statutory rights triggered by the filing of a petition for review. Consequently, this Court holds that the retraxit, even if applicable to proceedings before the State Board, may not be used to prejudice the State Board's right to assess Joyce's property.

The holding in *Ilagan* does not affect this result. The *Ilagan* court faced the issue of whether a plaintiff could reinstate his medical malpractice suit before the medical review panel after he had previously filed a notice with the insurance commissioner that he was dismissing his suit with prejudice. In concluding that he could not, the court dealt with the issues of what constitutes a retraxit and what is the effect of a retraxit once made. *Ilagan*, 634 N.E.2d at 829–30. It did not address whether there is an unqualified right to use the device, nor did it address whether its use may be allowed to cause legal prejudice to the adverse party.[10] Therefore, *Ilagan* does not advance Joyce's cause.

At common law, the retraxit was a device by which the party using it renounced *his* rights concerning the action. It could not be used, absent consent by the other party, to extinguish the vested rights of the other party. In this case, the State Board, due to Joyce's filing of its petition, had a vested right to assess Joyce's property thereby arriving at its view of the correct assessment for the tax years in question. To allow Joyce to unilaterally withdraw its petition would prejudice that right. The reasoning of the Florida Supreme Court and the New Jersey trial court applies with equal force to Joyce's retraxit argument. *Wiregrass Ranch*, 645 So.2d at 376; *Sansone Olds–Cadillac*, 511 A.2d at 753. A party should not be allowed to terminate the State Board's jurisdiction in such a manner. Accordingly, the State Board properly denied Joyce's motion.

---

**9.** This is to be contrasted with the voluntary nonsuit, which allowed a plaintiff to dismiss a claim without prejudice in the absence of affirmative pleadings by adverse parties. *See State ex rel. Cunningham v. Hancock County Circuit Court*, 242 Ind. 571, 180 N.E.2d 527, 529 (1962).

**10.** The *Ilagan* court did state, "A dismissal with prejudice is conclusive of the rights of the *parties*

and is res judicata as to any questions that might have been litigated." *Ilagan*, 634 N.E.2d at 829 (emphasis added). However, the court was faced with a situation where the defendant had requested no affirmative relief and was only defending a lawsuit. Therefore allowing the dismissal did not prejudice the defendant in *Ilagan*. As has been explained above, that is not the case here.

**1196**

### *CONCLUSION*

For the reasons discussed above, this Court DENIES Joyce's motion for summary judgment and GRANTS the State Board's motion for summary judgment.