**NORTH GROUP, INC., Petitioner,**

v.

**INDIANA STATE BOARD OF TAX COMMISSIONERS, Respondent.**

No. 49T10–9812–TA–209.

Tax Court of Indiana.

April 9, 2001.

Timothy J. Vrana, Attorney At Law, Columbus, IN, Attorney for Petitioner.

Steve Carter, Attorney General of Indiana, Joel Schiff, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

North Group, Inc. (North Group) appeals the State Board of Tax Commissioners' (State Board) final determinations that assessed its seventeen parcels of property as of the March 1, 1995 assessment date. North Group presents one issue for this Court's review on appeal, which the Court restates as whether pursuant to IND.CODE § 6-1.1-4-12 (West 2000) the land in question was properly assessed on the basis of lots for the March 1, 1995 assessment date. For the reasons stated below, the Court finds for the State Board.

## FACTS AND PROCEDURAL HISTORY

Tipton Lakes Company, Inc. (Tipton) owned 8.24 acres of real estate located in Harrison Township, Bartholomew County (subject property) that had been assessed on an acreage basis. On August 13, 1992, North Group agreed to purchase the subject property from Tipton. On October 21, 1992, Tipton platted the subject property into lots as the Pintail Point Subdivision. Tipton granted a warranty deed for the platted subject property to North Group on August 11, 1993.

For the tax year 1995, the Harrison Township Assessor reassessed the subject property on the basis of lots. North Group disagreed with the assessments of its property on the basis of lots and appealed to the Bartholomew County Board of Review (BOR) via 130 Petitions for Review. The BOR denied North Group's appeal. Thereafter, North Group filed 131 Petitions for Review of Assessment (131 Petitions) and the State Board held a hearing on them on April 17, 1998. On November 13, 1998, the State Board issued final determinations on all seventeen of the challenged assessments. Its final determi-

nations concluded that the property was properly assessed on the basis of lots.

On December 21, 1998, North Group filed an original tax appeal in this Court. A trial was held on June 14, 1999. Additional facts will be provided as necessary.

## ANALYSIS AND OPINION

### Standard of Review

This Court gives final determinations of the State Board great deference when the State Board acts within the scope of its authority. *Freudenberg–NOK General Partnership v. State Bd. of Tax Comm'rs,* 715 N.E.2d 1026, 1028–29 (Ind. Tax Ct.1999). Accordingly, this Court reverses final determinations of the State Board only when they are unsupported by substantial evidence, are arbitrary or capricious, constitute an abuse of discretion, or exceed statutory authority. *Id.* at 1029. In addition, a taxpayer challenging the validity of the State Board's final determination bears the burden of demonstrating the invalidity of the final determination. *Clark v. State Bd. of Tax Comm'rs,* 694 N.E.2d 1230, 1233 (Ind. Tax Ct.1998).

### Discussion

The issue is whether pursuant to I.C. § 6–1.1–4–12 the land in question was properly assessed on the basis of lots for the March 1, 1995 assessment date. North Group argues that the property should be assessed on an acreage basis for two reasons. First, North Group argues that it received equitable title to the property when it agreed to purchase it on August 13, 1992. (Pet'r Br. at 1.) Therefore, it asserts that it owned the property before it was platted into parcels and that the warranty deed that transferred "bare" legal title thereafter does not trigger the reassessment of the property on the basis of lots. (Pet'r Br. at 2.) Second, North Group contends that the purpose of I.C. § 6–1.1–4–12 is to give developers "a break on taxes for lots that had not been sold off to a third party." (Pet'r Br. at 2.) It argues that because North Point is the "developer" it should receive the "developer's discount" provided by I.C. § 6–1.1–4–12. (Pet'r Br. at 2.) It asserts that if it does not get the discount, the purpose of the statute would be frustrated. The State Board argues that the transfer of legal title after the parcels had been platted is a transaction that triggers the reassessment of the property on the basis of lots. (Resp't Br. at 6.)

The statute at issue in this case, I.C. § 6–1.1–4–12, provides in relevant part as follows:

> If land assessed on an acreage basis is subdivided into lots, the land shall be reassessed on the basis of lots.... An assessment or reassessment made under this section is effective on the next assessment date. However, if land assessed on an acreage basis is subdivided into lots, the lots may not be reassessed until the next assessment date following a transaction which results in a change in *legal or equitable* title to that lot.

(emphasis added). This Court has previously stated that "[w]hen faced with a question of statutory interpretation, this Court looks first to the plain language of the statute. Where the language is unambiguous, this Court has no power to construe the statute for the purpose of *limiting or extending its operation.*" *Joyce Sportswear Co. v. State Bd. of Tax Comm'rs,* 684 N.E.2d 1189, 1192 (Ind. Tax Ct.1997) (original emphasis) (internal quotation marks omitted), *review denied.*

Assuming arguendo that equitable title passed to North Group when it agreed to purchase the property, the Court addresses North Group's contention that because it had equitable title to the property

before it was platted, reassessment was not triggered. The plain language of I.C. § 6–1.1–4–12 is unambiguous. The statute requires that two events must occur before the land can be reassessed. First, the land must be subdivided into lots. Second, the statute clearly states that the land that has been subdivided into lots may be reassessed on the "next assessment date following a transaction which results in a change in legal *or* equitable title." I.C. § 6–1.1–4–12 (emphasis added). Regardless of any change in equitable title before the lots were platted, legal title was transferred afterward. The facts of this case fit squarely within the statute. The land was platted while Tipton held the legal title to it. Thereafter, legal title was transferred to North Group. Consequently, the assessing officials properly reassessed the subject property on March 1, 1995, on the basis of lots pursuant to I.C. § 6–1.1–4–12.

▮ Finally, the Court addresses North Group's assertion that the purpose of the statute would be frustrated if its property is not assessed on an acreage basis because it is the "developer" and should get the "developer's discount." (Pet'r Br. at 2.) North Group does not support with any legal authority its contention that the purpose of I.C. § 6–1.1–4–12 is to provide developers with a discount. This Court will not make North Group's case for it. *See CGC Enters. v. State Bd. of Tax Comm'rs,* 714 N.E.2d 801, 803 (Ind.Tax Ct.1999). Moreover, the language of this statute is unambiguous and this Court has no power to construe it for the purpose of extending its operation. *See Joyce Sportswear Co.,* 684 N.E.2d at 1192.

North Group has not presented a prima facie case that it is entitled to have its property assessed based on acreage. Therefore, the Court AFFIRMS the State Board's final determination that North Group's property should be assessed on the basis of lots.

## CONCLUSION

For the foregoing reasons, the Court hereby AFFIRMS the State Board's final determinations that North Group's property should be assessed on the basis of lots, not on an acreage basis.