### In the Matter of Wayne Allen MONCEL, Plaintiff–Appellant,

v.

### Edward CHOSNEK, Chapter 7 Trustee, Defendant–Appellee.

Civ. No. 4:03cv0099.

United States District Court, N.D. Indiana, Hammond Division at Lafayette.

March 3, 2004.

James R. Schrier, Reiling Teder & Schrier LLC, Lafayette, IN, for Plaintiff.

Jacqueline N. Chosnek, Pearlman Chosnek Morrissey & Hopson, Lafayette, IN, for Defendant.

## MEMORANDUM AND ORDER

SHARP, District Judge.

This matter is before the Court on Plaintiff–Appellant, Wayne Allen Moncel's, appeal of the Bankruptcy Court's Decision denying his claim for exemption. At issue is whether Appellant is entitled to exempt the full value of his Roth IRA under Indiana law. Resolution of such issue will depend upon this Court's interpretation of Indiana's exemption statute, Indiana Code Section 34–55–10–2(b)(6).

### I. Background

Appellant filed his Chapter 7 bankruptcy petition on January 23, 2003, listing his ownership interest in a Roth IRA on Schedule C Property Claimed Exempt. The Trustee objected to Appellant's claimed exemption of the full value of the Roth IRA, and after briefing by both parties, the Bankruptcy Court sustained the Trustee's objection. On or about November 5, 2003, Judge Robert E. Grant issued an Order and Decision sustaining the Trustee's objection, and denying Appellant's claimed exemption in the full value of his Roth IRA account.

The facts are undisputed. The parties have stipulated that Appellant's Roth IRA was initially funded by a qualified rollover from a traditional IRA at the end of 2000. Appellant rolled over $323,039.00 from an Individual Retirement Account ("traditional IRA") to a Roth–Individual Retirement Account ("Roth IRA"). Three years later, on January 23, 2003, when Appellant filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, the Appellant claimed his interest in the Roth IRA as exempt pursuant to I.C. Section 34–55–10–2(b)(6).

### II. Standard of Review

In an appeal from a Bankruptcy Court's decision, the District Court makes a *de novo* review of the Bankruptcy

Court's legal conclusions. The District Court may overturn the findings if they are contrary to law. *In re Marrs–Winn Co.,* 103 F.3d 584, 589 (7th Cir.1996). The Bankruptcy Court's interpretation of a statute is a question of law; when interpreting a statute on appeal, the Court looks to its express language and overall purpose. *In re Martin,* 140 F.3d 806, 807–08 (8th Cir.1998).

### III. Discussion

■ Indiana has exercised its opportunity to opt out of the federal bankruptcy exemptions set forth in 11 U.S.C. Section 522(b); Indiana Code Section 34–55–10–1. The type and amount of property a Debtor may claim as exempt is dictated by Indiana law and Indiana Code Section 34–55–10–2. The Appellant cites Indiana Code Section 34–55–10–2(b)(6) as the basis for his claimed exemption of the Roth IRA. Indiana Code Section 34–55–10–2(b)(6) allows a debtor to exempt:

> An interest, whether vested or not, that the judgment debtor has in a retirement plan to the extent of:
>
> (A) contributions, or portions of contributions, that were made to the retirement plan:
>
> > (i) by or on behalf of the debtor; and
> >
> > (ii) which were not subject to federal income taxation to the debtor at the time of the contribution;
>
> (B) earnings on contributions made under clause (A) that are not subject to federal income taxation at the time of the judgment; and
>
> (C) roll-overs of contributions made under clause (A) that are not subject to federal income taxation at the time of judgment.

In order to determine whether or not the full value of the Roth IRA account is exemptible, the Court must first look at the plain language of the statute. *See, Joyce Sportswear Co. v. State Bd. Of Tax Comm'rs,* 684 N.E.2d 1189, 1192 (Ind. Tax Ct.1997). Under Indiana law, contributions to retirement plans are exempt only if they were not subject to federal income taxation at the time they were made. I.C. Section 34–55–10–2(b)(6)(A)(ii). In the present case, the Debtor made a post-rollover contribution of $2,000 to his Roth IRA account in 2001. The Debtor did not receive a deduction from gross income for this contribution and the contribution was subject to federal income taxation in 2001. In 2000, the Debtor rolled-over the entire amount of his traditional IRA account to a Roth IRA. The entire amount of the traditional IRA was listed by the Debtor on his 2000 U.S. Individual Income Tax Return. The entire amount of the traditional IRA was included in the Debtor's gross income and was subject to income taxation.

The Appellee argues that even though the traditional IRA account prior to the roll-over may have been exempt under the statute, the rolled over Roth IRA account is not exempt. *See,* I.C. 34–55–10–2(b)(6)(C). The Appellee goes on to argue that the exemption of the Debtor's Roth IRA would be unconstitutional under the Indiana Constitution. The Appellee claims that allowing the Debtor to keep a retirement account with a value of over $200,000 while he discharges less than $200,000 in scheduled debt does not adequately balance the interests of both the debtor and his creditors as required by Section 22 of the Indiana Constitution.

The Appellant argues that his Roth IRA rollover is specifically exempt because it was not subject to taxation at the time his bankruptcy was filed on January 23, 2003. Appellant claims therefore, that his qualified rollover contribution from his traditional IRA to the Roth IRA was only taxable in 2000, the year of transfer. In

sum, the Appellant contends that because all funds in his Roth IRA were subject to federal income tax in 2000, at the time of rollover, and none of the funds were subject to federal income taxation at the time his bankruptcy was filed, that his Roth IRA satisfies the requirements of I.C. Section 34–55–10–2, and all funds therein are exempt.

The Appellant also argues that application, as proposed by Appellee, would render the exemption statute invalid. Appellant bases this argument on a comparison between a traditional IRA and a Roth IRA. Appellant claims that the argument posed by Appellee would arbitrarily apply to the owner of a traditional IRA and not to the owner of a Roth–IRA, like Appellant. However, as stated by the Bankruptcy Court, Indiana law, does not allow a Roth IRA to be exempted as a retirement plan. Unlike a traditional IRA—where neither contributions nor earnings are subject to federal income taxation until they are withdrawn, 26 U.S.C. Sections 129(a); 408(d)(1)—the contributions to a Roth IRA are subject to federal income taxation. 26 U.S.C. Section 408A(c)(1).

 In this appeal, Appellant seems to be making the same contention he made to the Bankruptcy Court in this matter. From his perspective, Roth IRA's were not included in the exemption statute because they had not been created and that therefore, this Court should interpret the statute as extending to include Roth IRA's. However, "[w]here the language is unambiguous, the Court has no power to construe the statute for the purpose of *limiting or extending its operation.*" *See, Joyce,* 684 N.E.2d at 1192, *citing Cooper Industries, Inc. v. Department of State Revenue,* 673 N.E.2d 1209, 1211 (Ind. Tax Ct.1996). Indiana law exempts contributions to retirement plans only if they were not subject to federal income taxation at the time they were made. I.C. Section 34–55–10–2(b)(6)(A)(ii). The Appellant's contribution to his Roth IRA was subject to federal income taxation and therefore neither it nor earnings it may have produced are exempt. Based on the foregoing, the Bankruptcy Court's Decision correctly interpreted Indiana law, and therefore the Appellant's claimed exemption in the full value of his Roth IRA must be **DENIED.**

**IT IS SO ORDERED.**