ATTORNEY FOR PETITIONER:
**PAUL M. JONES, JR.**
PAUL JONES LAW, LLC
Greenwood, IN

ATTORNEYS FOR RESPONDENT:
**BRIAN A. CUSIMANO**
ATTORNEY AT LAW
Indianapolis, IN

**MARILYN S. MEIGHEN**
ATTORNEY AT LAW
Carmel, IN



FILED
May 22 2020, 4:28 pm
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# INDIANA TAX COURT

| | |
|---|---|
| CVS CORPORATION #2519-01, taxpayer, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Cause No. 19T-TA-00004 |
| ) | |
| JEROME PRINCE, in his official capacity as ) | |
| LAKE COUNTY ASSESSOR, ) | |
| ) | |
| Respondent. ) | |

ON APPEAL FROM A FINAL DETERMINATION
OF THE INDIANA BOARD OF TAX REVIEW

**FOR PUBLICATION**
**May 22, 2020**

WENTWORTH, J.

On January 4, 2019, the Indiana Board of Tax Review issued a final determination valuing the CVS Corporation #2519-01's store in Schererville, Indiana for the 2007 through 2014 tax years. On appeal, CVS claims, among other things, that the Indiana Board erred by denying its motion to voluntarily dismiss its appeal prior to the hearing on the merits. Upon review, the Court finds that it did.

**FACTS AND PROCEDURAL HISTORY**

The CVS property at issue in this case is a free-standing, 10,125 square foot building constructed in 1999 on 1.92 acres of land. (Cert. Admin. R. at 1817.) CVS leases and occupies the property for use as a retail store. (Cert. Admin. R. at 1817.)

Believing the property's assessed values were too high for each of the years at issue, CVS filed appeals with the Lake County Property Tax Assessment Board of Appeals and then with the Indiana Board.[1] On March 14, 2017, the Indiana Board approved an appeal management plan that, among other things, consolidated all eight of CVS's appeals, established discovery deadlines, and set August 7, 2017, as the date for a hearing on the merits. (See Cert. Admin. R. at 69-75.)

On May 9, 2017, three months prior to the scheduled hearing, CVS moved to voluntarily dismiss its appeal. (See Cert. Admin. R. at 84-85.) Two days later, before the Assessor responded, the Indiana Board granted the dismissal. (See Cert. Admin. R. at 86-93.) On May 25, 2017, the Assessor moved to vacate the dismissal and for a rehearing. (See Cert. Admin. R. at 94-100.) In support of his motion, the Assessor stated that "[a]llowing this [dismissal] by [CVS] will not promote or encourage future discussions of value, but will actually discourage negotiations and suggest [an] uneven playing field." (Cert. Admin. R. at 98.)

On June 8, 2017, the Indiana Board issued an order vacating its dismissal of CVS's appeal and granted a rehearing for the property at issue. (See Cert. Admin. R. at 113-

---

[1] There is no evidence in the record that indicates that the Lake County Property Tax Assessment Board of Appeals held hearings or issued final determinations on CVS's 2007-2014 tax appeals. (See generally Cert. Admin. R. at 1-59.) CVS was therefore entitled to transition its appeals to the Indiana Board of Tax Review. See IND. CODE § 6-1.1-15-1(o) (2015) (repealed 2017) (indicating that when a property tax assessment board of appeals fails to conduct a hearing on an appeal within 180 days of its filing, the appeal may proceed directly to the Indiana Board).

18.) Accordingly, the matter proceeded to the August 7th hearing on the merits. On January 4, 2019, the Indiana Board issued its final determination valuing the property. (See Cert. Admin. R. at 1956-86.)

CVS initiated an original tax appeal on February 15, 2019. The Court heard the parties' oral arguments on January 22, 2020. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

The party seeking to overturn an Indiana Board final determination bears the burden of demonstrating its invalidity. Osolo Twp. Assessor v. Elkhart Maple Lane Assocs., 789 N.E.2d 109, 111 (Ind. Tax Ct. 2003). Therefore, to prevail CVS must demonstrate to the Court that the Indiana Board's final determination is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of or short of statutory jurisdiction, authority, or limitations; without observance of procedure required by law; or unsupported by substantial or reliable evidence. See IND. CODE § 33-26-6-6(e)(1)-(5) (2020).

## LAW

The Indiana Board has the authority to dismiss a case upon the motion of a party. See 52 IND. ADMIN. CODE 2-10-2(b) (2017). To determine whether dismissal is appropriate, the Indiana Board uses the same standard as applied to a voluntary dismissal under Indiana Trial Rule 41(A). See 52 IND. ADMIN. CODE 2-1-2.1 (2017) (stating that the Indiana Rules of Trial Procedure may be applied to Indiana Board proceedings so long as they do not conflict with the statutes governing property tax appeals). See

3

also <u>Marion Cty. Assessor v. Stutz Bus. Ctr.</u>, 132 N.E.3d 85, 89 (Ind. Tax. Ct. 2019); <u>Joyce Sportswear Co. v. State Bd. of Tax Comm'rs</u>, 684 N.E.2d 1189, 1193 (Ind. Tax Ct. 1997), <u>review denied</u> (both applying Indiana Trial Rule 41(A) as the standard to voluntary dismissals). Under Trial Rule 41(A), voluntary dismissal is proper unless the adverse party has incurred substantial expense or will suffer legal prejudice from the dismissal. <u>See</u> <u>Stutz</u>, 132 N.E.3d at 89; <u>Joyce Sportswear</u>, 684 N.E.2d at 1193. As this Court has previously explained, the essential purpose of this standard is to eliminate the evils that result from the absolute right of a plaintiff to take a voluntary nonsuit before the pronouncement of judgment and after the defendant has incurred substantial expense or acquired substantial rights. <u>See</u> <u>Stutz</u>, 132 N.E.3d at 89.

## ANALYSIS

CVS claims on appeal that the Indiana Board erred in vacating its order granting voluntary dismissal.[2] (<u>See</u> Pet'r Br. at 2.) Specifically, CVS contends that the Indiana Board's decision to vacate the dismissal "was an abuse of discretion and contrary to law because <u>the Assessor neither presented any evidence of the amount of expense involved in the case, nor did the Assessor provide any legal arguments or analysis to establish legal prejudice</u>." (Pet'r Br. at 6.) The Indiana Board stated that even though the Assessor "provided no analysis of [the Trial Rule 41(A)] standard in his request, we will examine it." (Cert. Admin. R. at 113.)

---

[2] In the alternative, CVS argues that the Indiana Board abused its discretion in valuing its property when determining the merits of the case. (<u>See</u> Pet'r Br. at 7-24.) Because the Court finds that the Indiana Board erred in not granting CVS's voluntary dismissal, the Court need not decide this alternative argument.

4

## 1.  Substantial Expense

CVS claims that the Indiana Board determined the Assessor had incurred a substantial expense without having any evidence to support its finding.  (See Pet'r Br. at 6.)  To support its claim, CVS refers to the Indiana Board's order vacating CVS's voluntary dismissal that states:

> The [Assessor] . . . makes several claims about the expenses [he] incurred . . . although without any specificity whatsoever.  Nothing in the 36 exhibits designated by the [Assessor] relates in any way to the cost of the appraisal, or to any effort expended by [him] or his staff.  The [Assessor] does make several unsupported allegations regarding his expenses.  These include a claim that [he] retained an appraiser in anticipation of all the Lake County CVS appeals.  He does not detail the terms of that contract, or any costs incurred.  He also claims that he received the first appraisal report on June 18, 2016.  He does not provide any cost for that report. The [Assessor] claims he received an additional appraisal report, although no details are provided.  Finally, [he] indirectly claims that these reports were paid for, although no details or amounts are provided.

(See Pet'r Br. at 5-6 (referring to Cert. Admin. R. at 114 (footnote omitted)).)

Despite the Assessor's evidentiary deficiencies, the Indiana Board explained that it would "resort to inferences."  (Cert. Admin. R. at 114.)  In so doing, the Indiana Board inferred that the Assessor, by "indirectly" claiming that he paid for an appraisal report, made a minimal showing of substantial expense because "the typical cost for a commercial appraisal prepared in preparation for litigation is substantial."  (Cert. Admin. R. at 114.)  The Court does not find the Indiana Board's inference persuasive for three reasons.

First, unschooled by its own observations that the Assessor's expense evidence was inadequate, the Indiana Board's inferential conclusion lacks an evidentiary underpinning and is thus nothing more than speculation.  While the Indiana Board may

5

reasonably infer that an appraisal is costly, without evidence of the actual amount of the Assessor's appraisal or its relationship to his other costs, there is no foundation for concluding that the expense was substantial.  See, e.g., IND. CODE § 6-1.1-15-4(j) (2017) (stating that the Indiana Board's final determination "must include separately stated findings of fact . . . [that are] based exclusively upon the evidence on the record in the proceeding and on matters officially noticed in the proceeding").

Second, the Indiana Board explicitly stated that the Assessor merely provided unsupported allegations regarding the expenses he incurred.  (See Cert. Admin. R. at 114.)  The Indiana Board is not authorized to ride in on a white horse to save the day when the Assessor fails to provide relevant evidence, legal authority, or persuasive argument for his cause.  See, e.g., Long v. Wayne Twp. Assessor, 821 N.E.2d 466, 471 (Ind. Tax Ct. 2005) (explaining that as part of making their respective cases, the parties bear the duty of presenting probative evidence to the Indiana Board and walking it through every element of their analyses), review denied.  Instead, the Indiana Board must cleave to its statutory mandate that, as the trier of fact, it must assign relevance and weight to the evidence before it.  See Madison Cty. Assessor v. Sedd Realty Co., 125 N.E.3d 676, 680-81 (Ind. Tax Ct. 2019).  By finding indirect claims to be facts and making arguments for the Assessor, the Indiana Board exceeded its statutory mandate.

Third, the Assessor did not demonstrate substantial expense by showing the dismissal came when the case was at an advanced stage.  See, e.g., Joyce Sportswear, 684 N.E.2d at 1193-94 (explaining that a case that has reached an advanced stage in litigation can indicate that the adverse party has incurred substantial expense because most of the work would already have been done and dismissal would result in a

6

substantial waste of time and effort). Here, the Assessor did not provide the Indiana Board with any analysis in relation to any relevant case law to show that the case had reached such an advanced stage that dismissal would be improper. (See Cert. Admin. R. at 94-100.) Accordingly, the Court finds the Indiana Board did not have sufficient evidence in the record to support its finding that the Assessor incurred a substantial expense.

## 2. Legal Prejudice

"[D]ismissal is [also] properly denied if the adverse party will suffer legal prejudice from the dismissal." Joyce Sportswear, 684 N.E.2d at 1193 (citations omitted). "[L]egal prejudice may be shown when actual legal rights are threatened or when monetary or other burdens appear to be extreme or unreasonable." Stutz, 132 N.E.3d at 91 (citation omitted).

In its order vacating the dismissal, the Indiana Board acknowledged that "[t]he [Assessor] failed to articulate any specific legal prejudice." (Cert. Admin. R. at 115.) The Indiana Board, however, formulated its own analysis to fill in the gap by "examin[ing] . . . possible claims of legal prejudice[.]" (See Cert. Admin. R. at 115 (emphasis added).) The Indiana Board concluded that the Assessor's lament that the dismissal would prevent him from seeking a higher assessed value was sufficient to show legal prejudice and auger against dismissal. (See Cert. Admin. R. at 115-16.) The Court, however, disagrees.

An assessor has the legal right to increase an assessed value within three years after the assessment date. See IND. CODE § 6-1.1-9-4(a) (2007). This legal right is not at issue here because the three-year period after the assessment dates for all the appeals at issue had expired before CVS filed its appeal. See supra note 1, at 2. The Indiana

7

Board conjured up a new legal right for the Assessor to seek an increased assessed value, however, that purportedly arose once CVS initiated its appeal:

> In the context of a property valuation case, the only conceivable prejudice is that the dismissal[] would prevent the [Assessor] from seeking a higher value than the current assessment. . . . The Assessor has [a] right to seek a higher assessment in an appeal. . . . Although the [Assessor] does not directly claim it, it is reasonable to infer that he intends to seek a higher value for [the subject property] for which he obtained an appraisal.

(See Cert. Admin. R. at 115-16.)

The Indiana Board failed to cite any legal authority in support of its conclusion that the Assessor had a legal right to seek an increased assessed value in a taxpayer-initiated appeal. Moreover, the Indiana Board exceeded its statutory authority as trier of fact by making arguments and inferences not made by the Assessor to make his case for him. See, e.g., Hometowne Assocs. v. Maley, 839 N.E.2d 269, 280 (Ind. Tax Ct. 2005) (explaining that an assessor, not the Indiana Board, bears the burden to rebut a prima facie case). See also IND. CODE § 6-1.5-4-1(a) (2017) (requiring the Indiana Board to act as an impartial arbiter of assessment appeals). The Court is not persuaded, therefore, that the Assessor had a legal right capable of being prejudiced by the voluntary dismissal; instead, the Assessor suffered merely a missed opportunity. Accordingly, the Court finds that the Indiana Board erred in finding the Assessor had a legal right that would be prejudiced by the voluntary dismissal of this matter because it did not provide a legal basis for its determination, but instead exceeded its statutory authority by making the Assessor's case for him.

**CONCLUSION**

The Indiana Board abused its discretion, acted contrary to law, and exceeded its

8

statutory authority in vacating its order granting CVS's voluntarily dismissal of its appeal. Consequently, the Court REVERSES the Indiana Board's final determination and REMANDS the matter with instructions that the Indiana Board dismiss the case and reinstate CVS's original assessed values for the 2007-2014 tax years.